SMILEY v. ST. LOUIS & HANNIBAL· RAILWAY
　　COMPANY, Appellant.

160　629
160　552,
160　629
102a ³294

Division One, March 12, 1901.

1. **Negligence: INSTRUCTION: PLAINTIFF "WITHOUT FAULT."** It is not
always necessary, in a personal injury case, that plaintiff's instruc-
tion should require the person injured to be without fault at the
time of the injury. Where the person injured is rightly a passen-
ger on a train, and is injured by the derailment of the cars, and no
contributory negligence is pleaded, and no evidence is produced tend-
ing to show such negligence, the law will presume that he was in
the exercise of ordinary care at the time, and will not devolve upon
him the duty of showing such derailment was not caused by his neg-
ligence.

2. ———: ———: INJURY TO "BODY." An instruction which bases
plaintiff's right to recover on injuries to the "body" is not bad if
the evidence shows that there were particular physical injuries to
"the head, neck, and ankle," and in addition the whole organism,
physical and mental, was shocked, impaired and injured.

3. ———: FUTURE SUFFERING. Where the injuries to plaintiff are of
a permanent character, and future pain to the body or mental an-
guish is reasonably certain, from the evidence, it is not error to
take such pain or anguish into account in estimating the damages.

4. ———: PRACTICE: INSTRUCTION: INSUFFICIENCY OF PLEADING. The
petition charged that the accident resulting from defendant's neg-
ligence had caused "mental ailments" for which plaintiff had been
confined in a "lunatic asylum," and other "mental injuries." The
evidence showed plaintiff became insane after the accident and
tended to prove his insanity was produced by the wreck. There was
no objection to the sufficiency of the petition at the trial. The
court refused to instruct that "there is no evidence that plaintiff's
insanity resulted from injuries received in the wreck." *Held,* that
the attempted·attack by this instruction on the sufficiency of the
evidence can not on appeal be changed into an assault upon the
sufficiency of the pleading.

5. **Evidence:** OPINION. Where the conceded and undisputed fact is that the plaintiff had been injured in a railroad wreck, it is not an error affecting the merits of the case to admit in evidence the testimony of a physician that he attributed plaintiff's insanity mainly to an accident, which, he learned from others, was a railroad wreck.

6. ——: UNUSED DEPOSITIONS. It is not error to decline to compel plaintiff to testify that he had taken certain depositions which he has not read at the trial. Especially is this true, if such depositions contain the testimony of physicians who attended him at or soon after the injury, long after which time the insanity for which he sues developed.

Appeal from Boone Circuit Court.—*Hon. Jno. A. Hockaday,* Judge.,

AFFIRMED.

*George A. Mahan* and *J. D. Hostetter* for appellant.

(1) Instruction 2, given upon the request of plaintiff, transfers the burden of proof to defendant without requiring the jury to find that the plaintiff was without fault at the time of receiving his injury. This was plain error. Och v. Railroad, 130 Mo. 51; Shafer v. Railroad, 128 Mo. 70; Furnish v. Railroad, 102 Mo. 453; Hipsley v. Railroad, 88 Mo. 352; Lemon v. Chanslor, 68 Mo. 354; Miers v. Railroad, 64 Pa. St. 225; Laing v. Colder, 8 Barr, 482; Sullivan v. Railroad, 6 Case, 234. (2) Instruction 2 is also vicious because there is no evidence upon which to base a finding of injury to the body. It submitted an issue to the jury not made by the evidence. Wilkerson v. Eilers, 114 Mo. 245; Stone v. Hunt, 114 Mo. 66; Goltz v. Griswold, 113 Mo. 144. (3) The court committed error in giving instruction 3, asked by plaintiff. There is not a particle of proof showing any certain future suffering. All the evidence tends to show that there

was no suffering or pain at the time of the trial and would be none in the future. There were no bones broken or scars left or permanent injury shown. The vice in the instruction is in telling the jury that "they may take into consideration the physical pain and mental anguish, if any, that they may believe from the evidence that he will suffer in the future in consequence of such injuries." This part of the instruction was not based on the evidence. Ross v. Kansas City, 48 Mo. App. 440; 3 Sunderland on Damages, p. 261. (4) An expert medical witness can not be allowed to give his opinion in testimony, based upon statements made to him by parties out of court and not under oath. Greenleaf on Evidence, (13 Ed.), sec. 440, n. 2; Heald v. Thing, 45 Maine 392; Hurst v. Railroad, 49 Iowa 79; Railroad v. Huntley, 38 Mich. 537; Hunt v. State, 9 Tex. Ct. App. 166; Railroad v. Shires, 108 Ill. 617; Wetherbees v. Wetherbees, 38 Vt. 454; Rogers on Expert Testimony, (2 Ed.), sec. 46, p. 113. Defendant sought to prove by plaintiff, having taken the depositions of Drs. Bishop and Baskett, who attended him during the eight months following the accident, had not offered to read either of these depositions to the jury. The plaintiff's case in chief was then closed. The plaintiff objected to such proof, and the court sustained the objection, and excluded the proffered evidence. "The failure of a party to call a witness who has knowledge of important facts would raise a presumption against such party, and hence the fact of such failure would be relevant and admissible." 11 Am. and Eng. Ency. of Law (2 Ed.), p. 503 and 504; Durgin v. Danville, 47 Vt. 95; Danner v. Railroad, 4 Rich. L. (S. Car.) 329; Frick v. Barbour, 64 Pa. St. 120; Brown v. Schock, 77 Pa. St. 471; Bleecker v. Johnston, 69 N. Y. 309; People v. Hovey, 92 N. Y. 554; Jones v. Knauss, 31 N. J. Eq. 609; Wallace v. Harris, 32 Mich. 380; Cole v. Railroad, 81 Mich. 156; Cooley v. Foltz, 85 Mich. 47; Cole v. Railroad,

95 Mich. 77; McDonough v. O'Niel, 113 Mass. 92; Thompson v. Thompson, 9 Ind. 323; Merwin v. Ward, 15 Conn. 377; Miller v. Jones, 32 Ark. 337; Atty. Gen. v. Queen's Free Chapel, 24 Beav. 679; Lowell v. Todd, 15 U. C. C. P. 306; Atty.-Gen. v. Halliday, 26 U. C. Q. B. 397. (5) The court erred in refusing defendant's instruction 11, to the effect that the jury should not include plaintiff's insanity as an element of damages in making up the verdict. The petition did not sufficiently allege any specific injury to the mind so as to authorize either the reception of testimony as to plaintiff's insanity, or the taking into consideration of such insanity as an element of damages. 5 Ency. Pl. and Prac. p. 719; Kleiner v. Railroad, 162 N. Y. 193; Uransky v. Railroad, 118 N. Y. 304; Geoglegan v. Railroad, 64 N. Y. Supp. 640; Gumb v. Railroad, 114 N. Y. 411. (6) The verdict in this case is so outrageous as to shock the judical conscience and is clearly the result of passion and prejudice on the part of the jury, and is but a manifestation of that intense and unreasonable bias and prejudice which unfortunately is prevalent among the masses of the people against all railroad corporations. It has frequently been held by this court that relief from verdicts for an excessive amount will be afforded by requiring the party in whose favor such verdict has been returned either to enter a remittitur or else reverse and remand the case. Spohn v. Railroad, 87 Mo. 74; Nichols v. Crystal Plate Glass Co., 126 Mo. 55; Rodney v. Railroad, 127 Mo. 676; Waldhier, v. Railroad, 87 Mo. 37; Furnish v. Railroad, 102 Mo. 438; Gurley v. Railroad, 104 Mo. 211.

*Chas. J. Walker, Norton, Avery & Young* and *Turner & Hinton* for respondent.

(1)   The court did not err in giving instruction 2 for the plaintiff.   Flynn v. Railroad, 78 Mo. 212; Beusching v. St. Louis Gas Light Co., 73 Mo. 233; Tuley v. Railroad, 41 Mo. App. 436; Mellor v. Railroad, 105 Mo. 462; Magoffin v. Railroad, 102 Mo. 541; Och v. Railroad, 130 Mo. 52; Hite v. Railroad, 130 Mo. 138; Olsen v. Railroad, 152 Mo. 430; Bunyan v. Railroad, 127 Mo. 18; Clark v. Railroad, 127 Mo. 197; Young v. Shickle Iron Co., 103 Mo. 324; Voegeli v. Marble & Granite Works, 49 Mo. App. 643.   (2) Nor did the court commit error in giving instruction 3 and including in that instruction a directon to the jury that they might take into consideration the physical pain and mental anguish, if any, that they may believe from the evidence that he will suffer in the future in consequence of such injuries. Gerdes v. Iron Foundry Co., 124 Mo. 360; Mellor v. Railroad, 105 Mo. 464; Railroad v. Curry, 64 Texas 85; Chilton v. Railroad, 143 Mo. 203.   (3)   Nor did the court commit error in exclusion and admission of testimony.   Hickman v. Green, 123 Mo. 179; Railroad v. Freedman, 46 S. W. 101; Carr v. Smith, 79 Texas 47; Johnson v. Railroad, 50 N. W. 473; Fullerton v. Fordyce, 144 Mo. 531; Russ v. Railroad, 112 Mo. 48; Borgess v. Vette, 142 Mo. 560; In re Estate of Soulard, 141 Mo. 642; Bank v. Worthington, 145 Mo. 91; Kerstner v. Vorweg, 130 Mo. 196; Bank v. Nichols, 43 Mo. App. 396.   (4)   There is nothing in the contention that plaintiff's insanity was not sufficiently alleged.   Mellor v. Railroad, 105 Mo. 455.   (5)   The damages are not excessive.   Gorham v. Railroad, 113 Mo. 410; Hollenbeck v. Railroad, 141 Mo. 112; Geary v. Railroad, 138 Mo. 262; Fullerton v. Fordyce, 144 Mo. 533, 534; Railroad v. George, 145 Mo. 38.

BRACE, P. J.—This is an action for personal injuries in which the plaintiff obtained judgment in the court below for $5,000 and the defendant appeals.

The errors assigned for reversal are, the giving of instructions numbered two and three for the plaintiff, the refusal to give instruction numbered eleven for the defendant, the admission of illegal evidence for the plaintiff, the exclusion of legal evidence for the defendant, and the refusal of the court to grant a new trial on the ground of excessive damages.

The pleadings and evidence, so far as is necessary, will be noticed in the course of the opinion.

Instructions numbered two and three given for the plaintiff are as follows:

"2.    The court instructs the jury that if they believe from the evidence that the plaintiff was a postal agent in the employment of the United States, and that at the time of the accident, while in the discharge of his duties as such postal agent, he was being transported on defendant's passenger train in a postal or mail car, with the knowledge and consent of defendant, and that such train was derailed, overturned, and thrown down an embankment; and that the plaintiff thereby received injuries to his head, body or ankle, then it devolves upon the defendant to prove to the satisfaction of the jury that such derailment and overturning of said train was not caused by any fault, negligence or carelessness on its part in running said train, and in providing and maintaining a reasonably safe track and roadbed over which to run the same; and unless it is so shown the verdict should be for the plaintiff.

"3.    If the jury find for the plaintiff, then, in assessing his damages they will allow the reasonable expense, if any, which they may believe from the evidence that he has in-

curred for medical treatment growing out of the injuries sustained by him in the derailment of defendant's train; they will also allow him a reasonable compensation for the loss of time and earnings, if any, that they may believe from the evidence that he has sustained up to the present time in consequence of such injuries; and the jury may take into consideration the impairment, if any, in plaintiff's capacity to earn a livelihood, which they may believe from the evidence that he has sustained in consequence of such injuries, and allow him a reasonable compensation therefor; and the jury may also take into consideration the physical pain and mental anguish, if any, that they may believe from the evidence that he has suffered in consequence of such injuries, and allow him a reasonable compensation therefor; and, also, they may take into consideration the physical pain and mental anguish, if any, that they may believe from the evidence that he will suffer in the future in consequence of such injuries, and allow him a reasonable compensation therefor, not to exceed in all the sum of ten thousand dollars."

(1) The first objection urged to plaintiff's instruction numbered 2, is, that it "transfers the burden of proof to defendant without requiring the jury to find that the plaintiff was without fault at the time of receiving his injury." In answer to which it is only necessary to say, that while in a proper case, such a qualification of an instruction of this character may be necessary, there was no necessity for it in this case. The answer was simply a general denial. Contributory negligence on the part of the plaintiff was not alleged nor was there a scintilla of evidence tending to prove such negligence on his part. On the contrary the undisputed evidence was that the plaintiff was at his post, in the discharge of his duties at the time the train was derailed, overturned and thrown down the embankment by reason of the defective con-

dition of the defendant's roadbed, inflicting upon him the injuries of which he complains. The law presumes that he was in the exercise of ordinary care at the time, in the absence of any proof to the contrary, and, as this instruction properly told the jury, devolved upon the defendant the duty of showing that the derailment and overturning of the train was not caused by its negligence. [Buesching v. St. Louis Gas Light Co., 73 Mo. loc. cit. 233; Dougherty v. Mo. Railroad Co., 81 Mo. 325; Magoffin v. Mo. Pac. Ry. Co., 102 Mo. 540; Furnish v. Mo. Pac. Ry. Co., 102 Mo. 438; Clark v. C. & A. Ry. Co., 127 Mo. 197; Och v. M., K. & T. Ry. Co., 130 Mo. 27; Hite v. Street Ry. Co., 130 Mo. 132.]

It is next urged that this instruction is vicious because there was no evidence on which to base a finding for injury to the "body." While the particular physical injuries testified to were to the head, neck and ankle, the evidence tended to prove that the whole organization of the plaintiff, physical and mental, was shocked, impaired and injured in the accident, and this objection is no more tenable than the first. Upon the facts of this case, the instruction was unobjectionable.

(2) That part of plaintiff's instruction numbered 3 which tells the jury that "they may take into consideration the physical pain and mental anguish, if any, that they believe from the evidence that he will suffer in the future in consequence of such injury," is objected to, on the ground that there was no evidence upon which to base a finding for future suffering. The accident occurred on the fourteenth of May, 1895. The evidence tended to prove that in the wreck the plaintiff received a blow on the left temple above the ear, another on his right eye, another on the top of his head, and an injury to one of his ankles causing an incomplete dislocation of one of the bones and a rupture of the inter-osseous ligament. That as a result of these injuries to the head and neck, there followed a

continuous headache, buzzing in the ears, accompanied by a dizziness that at times rendered him unconscious, a pain and numbness in the back of the neck, at the base of the brain, where a knot about the size of a walnut was afterwards developed. These symptoms continuing, it also became apparent that his mind was seriously affected. His mental disorder gradually grew worse until the following February, when he became violently insane, and thereafter, on the eighteenth day of April, 1896, he was taken to St. Vincent Asylum at St. Louis, where he remained under treatment until July, 1896; but getting no better there, he was afterwards, in September, 1896, taken to the insane asylum at Fulton, where he remained under treatment until discharged in March, 1897. The case was tried in the lower court on the twenty-second of February, 1898. The plaintiff was then sane and testified as a witness on the trial. As to the condition of his ankle, he testified that when he walked it pained him, and the evidence of the physician, who then examined him, tended to prove that the injury was permanent and calculated to give him pain when walking on uneven ground. The evidence of the medical experts also tended to prove that while he was then sane, he was not wholly restored, but was liable to a recurrence of his mental disorder. "When it appears that the injury is permanent, and further pain to body or mind is reasonably certain, a sufficient basis is laid for compensation for these elements." [Gerdes v. Iron & Foundry Co., 124 Mo. 347; Gorham v. Railway Co., 113 Mo. 408; Rosenkranz v. Railway Co., 108 Mo. 9; Chilton v. City of St. Joseph, 143 Mo. 192.] When the whole of the evidence on this subject is taken into consideration, this objection to this instruction is found to be untenable.

The remaining objection to this instruction will be considered in connection with defendant's refused instruction numbered eleven, which is as follows:

"11.   The court instructs the jury that there is no evidence that plaintiff's insanity resulted from injuries received in the wreck, and you will not include such insanity as an element of damages in making up your verdict."

(3)   While this refused instruction is predicated solely upon the insufficiency of the evidence, the contention of counsel for the defendant is, that *the petition* "did not sufficiently allege any specific injury to the mind so as to authorize either the reception of testimony as to plaintiff's insanity, or the taking into consideration of such insanity as an element of damages," and for this reason the court erred in refusing this and in giving plaintiff's instruction numbered 3.

The fact that the plaintiff became insane after the accident was proven beyond dispute—and there was much evidence tending to prove that his insanity was produced by the injuries received in the wreck.

The court could not be convicted of error in its action on these instructions on the ground that there was not evidence sufficient upon which to predicate such action.   Hence, the attack is now changed from the evidence to the pleadings, and the sufficiency of the petition, in the particular mentioned, not raised in the trial court by demurrer, by objection to the evidence on this subject, or even by these instructions, or in any other manner, is now sought to be raised for the first time in this court.

Although the plaintiff's insanity might have been charged more specifically, and the petition might have been obnoxious to a timely motion to make it more definite and certain, yet no objection having been made to it on this ground in the lower court, and the whole case having been fought through that court upon the theory that the petition sufficiently charged that the plaintiff's insanity, characterized in the petition as "mental ailments" for which he had been confined in a "lunatic

asylum" and resulting in "mental injuries" for which he asked damages, was caused by the derailment and wrecking of defendant's train through its negligence, it is now too late to raise this objection. [Mellor v. Mo. Pac. Ry. Co., 105 Mo. 455, and cases cited; Boggess v. Street Ry. Co., 118 Mo. 338.]

(4)   On the trial the deposition of Dr. Henry W. Herman, the physician in charge of St. Vincent Asylum at the time the plaintiff was under treatment at that institution, was read in evidence in his behalf, in which the following question and answer occurs:

"Q.   From the examination that you made of him and the history of his case, to what causes did you attribute his insanity.

"A.   I attributed them mainly to an accident that had preceded, from what I learned a severe railroad accident. This I learned from statements of those who brought him there."

This answer was objected to on the ground that it was an opinion formed from hearsay testimony.

The only hearsay fact disclosed by this answer was the "severe railroad accident" which with other facts proven in the case was afterwards stated in a hypothetical case, to which the defendant made no objection, and upon which the witness gave his opinion as an expert.   It does not appear from this answer nor from any of his evidence in the case, that he predicated his opinion of the cause of the plaintiff's insanity upon any statement of others, except as to this undisputed and conceded fact, so that no error affecting the merits of the case was committed in the admission of this evidence.

(5)   On plaintiff's cross-examination he was asked: "Did the doctor [Baskett] tell you or not that your then condition was due to the train motion simply, and to that alone?"   And at the close of the plaintiff's testimony he was called by the defendant and asked this question: "Among those deposi-

tions that you gave to the jury in this case you and your attorney have not offered to read to the jury the depositions of Dr. Bishop and Dr. Baskett, either of them, have you?" These were the physicians who treated the plaintiff for his physical ailments, in the earlier stages of his afflictions, and before his alienation of mind had become pronounced, and it is so obvious on the face of the record that the affirmative answer which these questions sought to elicit, if given, could not have materially affected the merits of the case, that we deem it unnecessary to consider their propriety.

(6) The amount of damages awarded by the jury and sanctioned by the trial court, for the plaintiff's injuries, physical and mental, are within the bounds of reasonable compensation. Our sense of justice is not shocked thereby, nor does that amount, on the facts in evidence, for a moment suggest that the jury in awarding it were swayed by partiality, passion, prejudice, or any unworthy motive.

Although the record in this case has been thoroughly and industriously combed by the learned counsel for the defendant, and every possible objection to the judgment presented with their usual force and skill, no substantial error warranting a reversal has been disclosed.

The judgment of the circuit court will therefore be affirmed. All concur.