GEORGE LACKLAND, Respondent, v. THE LEXINGTON COAL MINING COMPANY, Appellant.

Kansas City Court of Appeals, February 6, 1905.

1. MASTER AND SERVANT: Negligence: Conflicting Evidence: Appellate Practice. Where the evidence is conflicting and the finding is for the plaintiff the appellate court in passing upon the verdict will not consider the sufficiency of the plaintiff's testimony.

2. ———: Instruction: Prudent Man. The contention that an instruction was vicious in using the term "prudent" man without qualifying it with "reasonably" is held not well taken, since the objection is nullified by other parts of the same instruction.

3. ———: Assumption of Risk: Instruction. An instruction constituting a general statement of the law in regard to the assumption of risk is held to have been harmless.

4. ———: Damages: Future Pain. An instruction permitting the jury to take into consideration the physical and mental pain and suffering which plaintiff "will suffer" in the future is held not to permit the jury to indulge in mere conjectures and possibilities in fixing the damages.

5. **EVIDENCE: Physician: Privileged Communication.** What the attending physician may have discovered as to plaintiff's condition at the time he examined him for the injury in litigation is privileged.

6. **TRIAL AND APPELLATE PRACTICE: New Trial: Newly-Discovered Evidence: Discretion.** In the matter of new trial on the ground of newly-discovered evidence much is left to the discretion of the trial court; and the appellate court must find an abuse of the sound discretion before interfering.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis*, Judge.

AFFIRMED.

*William H. Chiles* and *W. S. Shirk* for appellant.

(1) The demurrer to the evidence at the close of respondent's case ought to have been sustained. This case is almost identical with that of Watson v. Coal Co., 52 Mo. App. 366. This doctrine is repeated and confirmed also by this court in Marshall v. Hay Press Co., 69 Mo. App. 256. And these cases are in harmony with the decisions of the Supreme Court: Keegan v. Kavanaugh, 62 Mo. 232; Hulett v. Railroad, 67 Mo. 239; Aldridge's Admr. v. Furnace Co., 78 Mo. 559. (2) The evidence offered by the appellant not adding anything to the case made by respondent but rather weakening it by showing that whatever had taken place was the result of unavoidable accident, the appellant again demurred to the evidence at the close of all the evidence, which should have been sustained upon the authorities cited under point I. See also as to pure accident: Guffey v. Railroad, 53 Mo. App. 469; Harvey v. Railroad, 6 Mo. App. 585; Henry v. Railroad, 113 Mo. 525. (3) Instruction numbered one given on behalf of the respondent is erroneous in more respects than one. The last clause defining the duty of the employee obeying orders uses the words, "unless the danger was so glaring that no prudent man would have undertaken

the same.'' The appellant was entitled to have and the jury should have had the degree of prudence defined or limited, or at least qualified by the words used in such instructions, such as ''ordinarily prudent man'' or ''reasonably prudent man,'' or ''in the exercise of ordinary prudence'' or ''in the exercise of common prudence.'' Bradley v. Railroad, 138 Mo. 293; Weldon v. Railroad, 93 Mo. App. 668; Huhn v. Railroad, 92 Mo. 447; Blanton v. Dodd, 109 Mo. 75; Wendler v. Fur. Co., 165 Mo. 527. (4) Instruction numbered three given by the court for the respondent is erroneous and should not have been given. It is merely an abstract proposition and belongs to the class of such abstract propositions as are dangerous and vicious, likely to mislead a jury. It should have been refused. Thompson v. Railroad, 93 Mo. App. 548; Hoepper v. Hotel Co., 142 Mo. 378. (5) Instruction numbered five given on behalf of respondent is erroneous in allowing the jury to consider the pain he will suffer in the future. This is directly decided in Bradley v. Railroad, 138 Mo. 311. (6) The court has in the cases of James v. Kansas City, 85 Mo. App. 20, and Smart v. Kansas City, 91 Mo. App. 586, laid the law down pretty broadly in refusing to allow a physician to testify to anything he may have ascertained in the examination of a patient, but in such cases as this one, where the physician fails utterly to find the injury (hernia) complained of mostly, he ought to be permitted to state such fact, and that the respondent made no complaint of any, neither of which is ''information necessary to enable him to prescribe for such patient,'' in the interest of truth and justice and to prevent fraud and deception, and the statute should not be construed further than its very terms and language. (7) The court erred in not allowing a new trial on the ground of the newly-discovered evidence of Pearl R. Smith as shown by the affidavit.

*Charles Lyons* and *Alexander Graves* for respondent.

(1) Appellant's first point is that on account of respondent's alleged knowledge of the danger he assumed the risk and that, therefore, appellant's demurrer to the evidence should have been sustained, citing Watson v. Coal Co., 42 Mo. App. 366. But the facts of that case are totally different from the facts of this case. But Lackland was prevented from sounding this rock and relied upon the assurance of the foreman who was his superior. (2) Appellant criticises instruction numbered one given for respondent which concludes as follows: "and if you further find from the evidence that the plaintiff in the exercise of ordinary care and prudence obeyed said order to perform his said work of spragging at that time and place, then the plaintiff had the right to obey said order, relying upon the superior judgment of said boss as to the safety of obeying said order and doing said spragging at that time and place, unless the danger was so glaring that no prudent man would have undertaken the same." "Ordinary care and prudence" are defined by respondent's instruction numbered four. That is to say, instruction numbered one is criticised because it was not tautological. Besides, we have the sanction of this court in the premises in Nash v. Dowling, 93 Mo. App. 163; Hartman v. Muehleback, 65 Mo. App. 578. (3) The matters set forth in point V completely and fully answer what appellant urges in the sixth point of its brief. (4) Plaintiff's instruction numbered five is correct and is a counterpart of instruction numbered three which was approved by the Supreme Court in Smiley v. Railroad, 160 Mo. 634. Also instruction numbered three which was approved by Court of Appeals in Harmon v. Transit Co., 102 Mo. App. 222. (5) Appellant's eighth point is that the court refused to admit certain parts of the evidence of Dr. Tucker,

the company's physician, who went to see plaintiff at the time he was hurt. This is precisely the same point as was made and ruled adversely in Hawthorn v. Railroad, 94 Mo. App. 225; Streeter v. Breckenridge, 23 Mo. App. 244; Corbet v. Railroad, 26 Mo. App. 621; Gartside v. Ins. Co., 76 Mo. 446; Smart v. Kansas City, 91 Mo. App. 595. (6) The last point appellant makes is that the court should have granted a new trial because of newly-discovered evidence as contained in the affidavit of Smith to the effect that respondent had told him he was previously ruptured. This evidence was in contradiction of the plaintiff and of plaintiff's witnesses, Mrs. Gardine, John Henneberg and Andrew Lackland, all of whom testified that he had not been previously ruptured and gave the grounds of their knowledge. Tootle & Co. v. Lysaght & Co., 65 Mo. App. 144.

ELLISON, J.—The plaintiff is a coal miner and at the time of the injury of which he complains was in defendant's employ under the immediate direction of one of its foremen. Plaintiff complains that while at work defendant was negligent in caring for and guarding the roof of the mine and that he was hurt by a rock coming loose from the roof and falling upon him. The result in the trial court was in plaintiff's favor.

It appears that defendant was mining coal with the aid of an electric machine and that plaintiff was an employee called a "spraggler" and his work was called "spraggling." This work consisted of keeping the chain of the machine free from obstruction and of propping up coal that would be loosened by the machine. While engaged in this work a rock from the roof fell upon him as just stated. It was conceded by plaintiff in the testimony which he gave in his own behalf that, ordinarily, it was his duty (and that of the other employees) to keep a lookout for his safety and that, to that end, he should inspect the condition of the mine's

roof by tapping or sounding; but that in the instance which forms the subject of the present controversy one of his fellow-workmen a short time before the rock fell was examining it with a view of ascertaining its condition of being safe or unsafe, when the foreman in charge informed him that he (the foreman) had just inspected the rock and that it was safe and for him (the workman) to proceed with his labor. Plaintiff heard and saw what has been stated and testified that he relied upon the assurance of the foreman and continued his work also. The plaintiff was supported by other witnesses, and though there may have been contradictory evidence from other sources and inferences drawn in defendant's behalf from the detail of yet other evidence, yet, since the result was for plaintiff, we must look to the testimony in his behalf in passing upon the verdict found; and we find it to be ample. We do not regard the case of Watson v. Coal Co., 52 Mo. App. 370, as applicable to the facts of this case. It may be better likened to that of Carter v. Baldwin, 81 S. W. 204.

The defendant has made several objections to instructions, but we think the criticisms not of sufficient substances to justify a reversal. The last clause of the first instruction for plaintiff in regard to the duty of an employee contains the expression, "unless the danger was so glaring that no *prudent man* would have undertaken the same." It is said that the word "prudent" should have been qualified by the word "reasonably" or "ordinarily." The instruction is lengthy and we will not set it out; but the objection urged is nullified by the use of words in another part of the instruction, wherein the jury was required to believe that the plaintiff exercised "ordinary care and prudence" in doing the work at the time and place charged. Besides, we believe from the connection with which the objectionable word was used, it would be more likely to have influenced the jury to defendant's interests than

to the plaintiff's. Other objections were made to the instructions which we deem to be untenable.

Objection is made to instruction numbered three concerning plaintiff's assuming risk of employment, but not the risk of defendant's negligence. The instruction may properly be termed a general statement of the law on that subject, but we cannot discover any possible way in which it could have worked any harmful result.

Objection is also made to plaintiff's fifth instruction for authorizing damages for future physical and mental pain. Such pain, mental or physical, is an element of damage in this State where the injury is permanent. [Smiley v. Railway, 160 Mo. 629.] A closing remark of Judge MACFARLANE in Bradley v. Railway, 138 Mo. 293, was perhaps an inadvertence. But it is said that the instruction leaves the jury unguarded and without limit as to such future damages; so much so that the jurors might go to any limit in conjecture. We are cited to a recent opinion by Judge BLAND in Caplin v. St. Louis Transit Co., now pending on motion for rehearing in support of the objection. Judge BLAND cites and approves the case of Schwend v. Transit Co., 105 Mo. App. 534, 80 S. W. 40, in St. Louis Court of Appeals wherein it was held that an instruction authorizing recovery for pain and anguish which the plaintiff "may" suffer in the future is erroneous, on the ground that it allowed mere conjecture and possibilities to be indulged in by the jury in fixing the amount. The instruction in the case at bar does not leave to the jury to say what this plaintiff *may* suffer, for it uses a more restrictive word; the language being that the jury "may take into consideration the physical and mental pain and suffering, if any, that they may believe that he *will* suffer in the future," etc. So worded, the case is clearly distinguishable from those in the St. Louis Court of Appeals, and the instruction is sup-

Lackland v. Coal Mining Co.

ported by Chilton v. St. Joseph, 143 Mo. 192, and Bigelow v. Railway, 48 Mo. App. 367.

We regard the instructions for both parties, as a series, as putting the case to the jury in a plain and satisfactory way, and we do not believe they could have caused any misunderstanding by the jury; nor that they, as a whole, failed to put before the jury everything necessary to a proper consideration of the case.

Dr. Tucker was called to see plaintiff after he was injured. He was asked by defendant's counsel to "state to the jury what he found." The trial court sustained plaintiff's objection to the question. Defendant then offered to prove by the doctor that he "examined Mr. Lackland on January 24, 1903, shortly after the accident occurred; that he found no serious injury; that the outer portion of the left leg midway between the thigh and knee was considerably bruised and that in his opinion the patient would be able to resume work within ten days or two weeks; that he had made no complaint whatever of hernia or anything else than as stated. The offer was properly refused on plaintiff's objection. See opinion of GOODE, J., in Haworth v. Railway, 94 Mo. App. 215, 225, and authorities there cited. Also, opinion of this court in Smart v. Kansas City, 91 Mo. App. 595.

One of the grounds of the motion for new trial was that of newly-discovered evidence. In the matter of new trials much is left to the discretion of the trial court. The opportunity for correct judgment is better with that tribunal. We do not think a showing has been made of an abuse of discretion, or that justice would be subserved by reversing the judgment for that cause.

We will affirm the judgment. All concur.