MARY D. HALLEY, Respondent, v. ST. ·JOSEPH LIGHT, HEAT AND POWER COMPANY, Appellant.

Kansas City Court of Appeals, January 8, 1906.

1. **DAMAGES: Personal Injury: Measure: Future Suffering.** Damages are allowed for future pain and loss that are reasonably certain to follow the injury, while those that depend upon contingent, speculative or merely probable results are excluded.

2. ——: ——: ——: ——: **"May:" Instruction.** In Reynolds v. Transit Company, 189 Mo. 408, the Supreme Court held that the word "may" in an instruction relating to future pain should be construed as defining the proper rule, which case is followed notwithstanding its variance with views expressed in Ballard v. Kansas City, 110 Mo. App. 395, and other cases.

3. ——: ——: **Excessive Verdict: Appellate Practice.** On a review of the evidence it is held that a verdict for $1,000 in a personal injury case, though apparently large, will not warrant the interference of the appellate court, since there is room for an honest and intelligent difference of opinion.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey,* Judge.

AFFIRMED.

*R. A. Brown* and *C. C. MacDonald* for appellant.

(1) The court committed error in giving on behalf of respondent, instruction numbered ten. Schwend v. Transit Co., 105 Mo. App. 537; Bigelow v. Railway, 48 Mo. App. 367; Beasley v. Transfer Co., 148 Mo. 420; Batten v. Transit Co., 102 Mo. App. 285; Smiley v. Railroad, 160 Mo. 629; Gerdes v. Foundry Co., 120 Mo. 347; Rosenkranz v. Railroad, 108 Mo. 9; Chilton v. St. Joseph, 143 Mo. 192; Strohm v. Railroad, 96 N. Y. 306; Curtis v. Railroad, 18 N. Y. 534; Watson on Damages for Personal Injuries, sec. 302 et seq; Joyce on Damages,

sec. 244; McAtee v.Valandingham, 75 Mo. App.45;Wassen v. McCook, 70 Mo. App. 393; Graham v. Railway, 113 Mo. 408; Harrison v. White, 56 Mo. App. 175; Moore v. Hawk, 57 Mo. App. 495; Evans v. Transit Co., 106 Mo. 594; Graham v. Gross, 50 Mo. App. 277; Culverson v. Railway, 50 Mo. App. 556. (2) The verdict of the jury was grossly excessive. That plaintiff should have recovered a verdict for the sum of one thousand dollars for injuries shown by the evidence not to have been sustained, shows a wanton disregard by the jury of the facts in evidence and the rights of the defendant, not consistent with honest purposes or good intentions.

*Grant S. Watkins* and *W. B. Brown* for respondent.

(1) Point one of appellant's brief is not well taken. The cases cited are not considered in the light of the facts of the case at bar. The instructions in the cases cited fail either in specifying the proper elements of damage, or in the matter of limiting the jury to the evidence. McKinstry v. Transit Co., 108 Mo. App. 12. (2) A faulty instruction, or even one clearly erroneous, will not work a reversal, when the verdict is a just one on the merits. Every fault and error in the trial is cured by the just conclusion. Eberly v. Railway, 96 Mo. App. 370-371; Browning v. Railway, 124 Mo. 71-72; Sherwood v. Railway, 132 Mo. 345-347; McKinstry v. Transit Co., 108 Mo. App. 19-20. (3) If appellant wanted the law declared differently, or wanted the jury to be more carefully limited in the instruction as to the measure of damages, the appellant should have asked an instruction embodying its view. Browning v. Railway, 124 Mo. 71; Matthews v. Railway, 142 Mo. 666; Robertson v. Railway, 152 Mo. 393; Geismann v. Electric Co., 173 Mo. 679; Minter v. Bradstreet Co., 174 Mo. 493; Longan v. Weltmer, 180 Mo. 335. (4) Unless the verdict is shown to be clearly excessive, the appellate court will give the jury the benefit of the legal presumption that they con-

sidered the case only in the light of the evidence, as instructed by the trial court, "and will assume that the jury considered all the evidence and made up its verdict from the evidence, considered as a whole, as was its duty to do." Eberly v. Railway, supra; Tandy v. Transit Co., 178 Mo. 246; Pentoney v. Transit Co., 108 Mo. App. 685.

JOHNSON, J.—Action to recover damages for personal injury alleged to have been caused by the negligence of defendant. Plaintiff was a passenger on one of the cars in operation upon the "Messanie Street" line of defendant's street railway system in St. Joseph and received her injury in jumping from the car while under the impulse of fear caused by the apparent imminence of a collision of that car with another approaching upon the same track from the opposite direction. No point is made that the evidence of defendant's negligence was not sufficient to take that issue to the jury, nor is any criticism directed to the instructions under which the issues of negligence and contributory negligence were submitted and, therefore, we will not concern ourselves with that branch of the case.

A reversal of the judgment recovered by plaintiff is urged by defendant upon two grounds: First, error is claimed in plaintiff's instruction upon the measure of damage in the direction relating to future pain and suffering, which permits the jury to include in the recoverable damages that resulting from "such bodily pain and mental suffering as you may believe such injuries may hereafter cause her;" and, second, it is earnestly insisted that the verdict is excessive to a degree justifying our interference. Relative to the first point, the use of the word "may" in the connection here appearing has been condemned by many appellate courts and text-writers. [Ballard v. Kansas City, 110 Mo. App. 395; Schwend v. Transit Co., 105 Mo. App. 537; Smiley v. Railroad, 160 Mo. 629; Chilton v. St. Joseph, 143 Mo. 192; Strohm v.

Railroad, 96 N. Y. 306; Watson on Damages, sec. 302, et seq.; Joyce on Damages, sec. 244; 3 Sutherland on Damages, p. 262; White v. Railroad, 61 Wis. 536.] All authorities agree upon the principle to be followed in the assessment of damages on account of future pain, suffering and loss. Damages are allowed for consequences that are reasonably certain to follow the injury, while those are excluded that depend upon contingent, speculative or merely probable results. The divergence of opinion over the use of the word "may," as here employed, does not involve the rule itself, but relates to the definition of the word and its efficacy to correctly express the true rule.

Many authorities, following the lexicographers, hold that, as the chief office of the word when used as an auxiliary verb is to convey the idea of uncertainty, its use in an instruction as in the one before us permits a recovery, not only for absolutely and reasonably certain consequences, but for the merely probable and barely possible, and thus presents the very opposite of the principle, which all agree should control. The Supreme Court, in the recent case of Reynolds v. Transit Co., 189 Mo. 408, 88 S. W.50, in the consideration of this subject, reaffirmed the general principle here stated as controlling the assessment of damages, but, after deprecating the employment of the word "may" for the purpose under discussion, held that it should be construed as defining the proper rule. We are constrained to follow this, the latest utterance of the Supreme Court, notwithstanding it is at variance with the view we expressed in the case of Ballard v. Kansas City, supra; Robertson v. Hammond Packing Co., 115 Mo. App. 520.

The verdict of the jury was for one thousand dollars and the learned trial judge, who had the parties and witnesses before him, refused to pronounce the damages awarded excessive. The trial occurred more than four months after the injury was received and, according to the evidence introduced by plaintiff, she was then suf-

fering from its results to the extent of being incapacitated from following her vocation. When injured, she was employed as a stenographer at a salary of fifty dollars per month. In addition to the loss of wages, she endured much physical pain from which she had not been wholly relieved, and it was made apparent that she would suffer future pain and incapacity. Considering the character of her injuries as disclosed by the record, the verdict seems large, but we do not feel justified in saying that its amount proclaims it to be the work of passion or prejudice in the triers of fact, as we would have to do should we hold it to be excessive. There appears to be room here for an honest and intelligent difference of opinion and, when this is the case, interference with a judgment upon this ground is an invasion by the appellate court of the province of the jury and trial judge. The judgment is affirmed. All concur.