ROZILLE WELBORN, Respondent, v. METROPOLITAN STREET RAILWAY CO., Appellant.

Kansas City Court of Appeals, May 5, 1913.

1. INSTRUCTIONS: Probability. The use of the word "probability" in an instruction as to future pain and suffering, is not error.

2. REMITTITUR: Former Verdict: Damages. A former verdict was for $750, but one rendered on second trial for $7500 will not be controlled by the former. A remittitur ordered of $3500.

Appeal from Jackson Circuit Court.—*Hon. W. A. Powell*, Judge.

AFFIRMED CONDITIONALLY.

*John H. Lucas* and *L. T. Dryden* for appellant.

(1) The court erred in giving instruction No. 5 at the instance of the respondent, which instruction is one on the measure of damages and is as follows:

"The court instructs the jury that if you find for the plaintiff, you should assess her damages at such an amount as you find and believe from the evidence will be a fair compensation to her for the pain of body and mind, if any, which she has suffered occasioned by her injuries in question, if any, and for such pain of body and mind, if any, as you believe from the evidence in all probability she will suffer in the future occasioned by such injuries, if any, and for such permanent injuries, if any, as you believe from the evidence, were occasioned by such injuries; but the total damages which you may allow plaintiff must not exceed the sum of thirty thousand dollars ($30,000)."
(2) The instruction should not have permitted the jury to allow respondent anything for any permanent injuries because there is no allegation in the petition of any permanent injuries to respondent. Ballard v. Kansas City, 110 Mo. App. 395; Haley v. Light Co., 115 Mo. App. 652; Baker v. Independence, 93 Mo. App. 165; Robertson v. Packing Co., 115 Mo. App. 526; Reynolds v. Transit Co., 189 Mo. 421; Wadell v. Street Railway, 113 Mo. App. 680; Albin v. Railroad, 103 Mo. App. 308.

*Brewster, Kelly, Brewster & Buchholz* for respondent.

Defendant complains of instruction number five given at the request of the plaintiff, which was on the measure of damages. We maintain that the instruction is clearly correct. When our Supreme Court not only approves an instruction, but commends it to the bar of the State for "simplicity," "precision" and "comprehensiveness," the bar certainly have a right

to rely thereon. Devoy v. Transit Co., supra; Reynolds v. Transit Co., 189 Mo. 408.

ELLISON, J.—Plaintiff's action is for personal injuries received while a passenger on one of defendant's street cars in Kansas City. The judgment in the trial court was for .her.

Accepting the verdict as establishing the facts as the evidence in plaintiff's behalf tended to prove, we find that plaintiff was injured in attempting to alight from defendant's car after it had stopped for the purpose of discharging passengers. While she was making such attempt to step from the platform, the car suddenly started and threw her violently to the pavement. There was ample evidence to sustain a finding of negligence in starting the car before plaintiff had accomplished her effort to alight. The case was properly submitted to the jury under instructions which, though objected to, are without fault.

One of these instructions stated that plaintiff might recover for such suffering as the jury might believe from the evidence she in all "probability" would endure in the future. The objection is to the word "probability." The word was used in an instruction in Devoy v. St. Louis Transit Co., 192 Mo. 197, which received the approval of the Supreme Court. [See also Reynolds v. St. Louis Transit Co., 189 Mo. 408.]

There is no substance to objections made to other instructions. The criticism on No. 4 as to definition of preponderance of the evidence, is extreme technicality. We think No. 3 is without fault.

The only matter of doubt involved in the appeal is the charge of excessiveness of the verdict, which was for $7500. There was a former trial in which it seems to be conceded the verdict was only $750. Verdicts of different juries on the same case, where the

amount to be found is not fixed by mathematical calculation, will quite naturally be for unlike amounts, and therefore the verdict of one jury will not control the court in passing upon the reasonableness of the verdict of a subsequent jury in the same case. Yet in a difference of such magnitude as here shown, it is enough to excite attention.

We have gone over the evidence as to the character of plaintiff's injuries, and while they were shown to be serious, they are not, in our judgment, of such aggravated nature as to justify so large a sum. No limbs were lost and no disfigurement has resulted. There was a dislocation at the hip and of some of the ribs. Believing the verdict to be beyond the pale of reason, we must reverse the judgment and remand the cause unless a remittitur of $3500 be made within ten days. If that is done, the judgment will be affirmed. All concur.