OLLIE ALLEN, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY and its Receivers, Appellants.

Springfield Court of Appeals, November 23, 1914.

1. **RECEIVERS: When Properly Made Parties to Suit: Personal Injuries.** Receivers of a railroad company appointed by a Federal court, cannot, over their objection, be made parties to a suit against the company where the cause of action arose prior to the appointment of the receivers.

2. ————: **Making Parties to Suit: When Proper.** The act. of Congress permitting receivers appointed by any Federal court to be sued without permission of such court expressly limits such suits to any act or transaction of the receivers "in carrying on the business connected with such property."

3. **DAMAGES: Personal Injuries: Future Pain and Suffering: Instructions.** In an action for personal injuries the jury should be carefully instructed that they may allow damages for future pain and suffering only in case and so far as the evidence shows that the plaintiff is reasonably certain to suffer same thereafter.

Appeal from Oregon County Circuit Court.—*Hon. W. N. Evans,* Judge.

REVERSED AND REMANDED.

*Orchard & Cunningham* and *E. P. Dorris,* for respondent.

(1) When all the instructions are read in connection with each other they fully and properly declare the law applicable to the case and if no error appears the judgment should be affirmed. (2) The receivers were properly made defendants and the trial court had jurisdiction of said cause as to said receivers. 66 R. S. of U. S., Act March 3, 1911, United States Compiled Statutes, 1901, Supp. 1911, p. 155; McNulta v. Lochridge, 141 U. S. 327, L. E. Book 36, p. 796, see 799, paragraph 3; Railroad v. Cox, 145 U. S. 601, L. E. Book 36, 832; Railroad v. Johnston, 151 U. S. 98, L. E. Book 38, 87; Gableman v. Railroad, 179 U. S. 337, L. E. Book 45, 222.

*W. F. Evans* and *W. J. Orr,* and *Green & Green,* for appellant.

(1) The accident of which complaint is made having occurred December 3, 1911, and these receivers having been appointed May 27, 1913, they are neither

necessary nor proper parties, and the judgment under the pleadings and admissions is erroneous as to them. Smith v. Railroad, 52 S. W. 378, 151 Mo. 391; Act of Congress, March 3, 1898. (2) Instruction number 4 is abstractly and concretely erroneous in that (a) it does not require the jury to find the enumerated elements of damages from the evidence; (b) it allows a recovery for future pain and suffering without requiring proof that future pain and suffering was reasonably certain to result, or at all, and it is absolutely without evidence to support it as to future pain and suffering. Schwend v. Transit Co., 80 S. W. 40, and cases cited.

STURGIS, J.—This is a suit for personal injuries and was here on a former appeal. [Allen v. Railroad, 167 Mo. App. 498, 151 S. W. 762.] The suit was originally against the defendant railroad only. Before the second trial such railroad had gone into the hands of receivers appointed by the Federal Court. On plaintiff's motion the receivers were made parties defendant over their objection and subsequent motion to be discharged. The cause then proceeded to trial, resulting in a judgment against the railroad company and the receivers. This action of the court is the first assigned error and must be sustained. The injury for which damages is claimed occurred before the receivers were appointed and, in fact, this suit was commenced before such event. No permission of the court appointing such receivers was asked or given as to making them parties defendant.

Plaintiff relies on the Act of Congress permitting receivers appointed by any Federal Court to be sued without permission of such court, but that act expressly limits such suits to any act or transaction of the receivers "in carrying on the business connected with such property." It does not apply to a cause of action accruing to a plaintiff prior to the appoint-

ment of the receivers and hence not connected with their management of the business connected with the property committed to their care and control. [Smith v. Railroad, 151 Mo. 391, 402, 52 S. W. 378; Harmon v. Perkins, — Ind. App. —, 88 N. E. 961; Northern Pac. R. Co. v. Heflin, 83 Fed. 93.]

These cases are not in conflict with McNulta v. Lochridge, 141 U. S. 329, 35 L. Ed. 796; Texas & Pacific R. Co. v. Cox, 145 U. S. 601, 36 L. Ed. 829, 832; Texas & Pacific R. Co. v. Johnson, 151 U. S. 81, 98, 38 L. Ed. 81, 87; Gableman v. Peoria, D. & E. R. Co., 179 U. S. 337, 45 L. Ed. 222, in which the causes of action accrued after the receivers were appointed and grew out of the business conducted by them.

Without determining whether the judgment might not be corrected here or on a remand with directions, so as to discharge the receivers and enter a judgment against the defendant railroad only, provided this was the only error in the record, we find another error which necessitates a reversal and remanding for new trial. The instruction on the measure of damages is wrong in directing the jury that they should take into consideration the plaintiff's "future bodily pain and mental anguish, if any." There is no evidence in the record to support a finding of this element of damages. Plaintiff was injured by a fall caused by a sudden starting of the train without warning when she was about to alight therefrom on December 3, 1911. The only evidence in the record as to the nature and extent of her injuries is that of one physician who examined her in January, 1912, and this trial was had in November, 1913. The most that this doctor testified to is that she then complained, justly as he thought, of pains in her back and chest which might have resulted from such a fall as she claims to have had. There is no evidence in the record that she was suffering from the injury at the time of the trial and certainly nothing that would warrant a finding that she would be reason-

ably certain to suffer in the future. It needs no cita-
tion of authorities to show that it is error to submit
this element of damages without any evidence to sup-
port it.

Without saying that we would hold the instruction
on the measure of damages fatally defective as. being
too indefinite and roving as to allow damages for fu-
ture suffering even if there was evidence on which to
base same, it is proper to say, in view of another trial,
that the jury should be carefully instructed that they
may allow damages for future pain and suffering only
in case and so far as the evidence shows that the plain-
tiff is reasonably certain to suffer same thereafter.
What a plaintiff may or might suffer in the future is
too remote, uncertain and speculative. The evidence
must show a reasonable certainty that there will be
future suffering and not a mere possibility, or even
probability, of the same. [Schwend v. Transit Co., 105
Mo. App. 534, 80 S. W. 40, and cases cited.]

The cause is therefore reversed and remanded.

*Robertson, P. J.,* concurs.   *Farrington, J.,* con-
curs.