DON BROWN, RESPONDENT, v. DON CAMPBELL AND MONK CAMPBELL, D/B/A THE WAGON WHEEL, APPELLANTS—219 S. W. (2d) 661.

Springfield Court of Appeals. Opinion filed March 23, 1949.

*Gene Frost* and *Orval Jewett* for appellants.

*Roy Coyne* and *Max Patte* for respondent.

VANDEVENTER, P. J.—This is an action for damages resulting from personal injuries sustained by the plaintiff (respondent here) in the night club of the defendants (appellants here) by virtue of an assault, whereby, among other injuries, plaintiff received a fractured skull. From a judgment for $725.00, defendants appeal.

The only question before this court is: Did the trial court commit error in giving instruction No. 4, permitting an award of damages for future pain and suffering? That instruction is as follows:

"The Court instructs the Jury, that if, under the evidence and instructions of the Court, you find in favor of the Plaintiff, you should assess his damage at such amount as you believe, from the evidence, will be a fair compensation to him for the pain of body and mind, if any, which he has suffered, occasioned by his injuries in question, *and for such pain of body and mind, if any, as in all probability he will suffer in the future, occasioned* by such injuries, but the total damages which you may allow Plaintiff must not in any case exceed the sum of $10,000.00."

Appellant asserts that there was no evidence to justify the giving of the italicized portion of this instruction but that assuming it was based upon sufficient evidence, the one given was erroneous in that it should have authorized the jury to compensate plaintiff for such future pain and suffering, if any, as he would be "reasonably certain" to suffer instead of using the phrase "in all probability." The only evidence relative to future pain and suffering upon which the instruction could be based is conceded to be the following testimony of the plaintiff:

"Q. Did you have any headaches, or any pain?

"A. I have had headaches for quite a while since.

"Q. Are you being bothered with headaches now?
   Mr. Frost: Objected to as leading,—
   The Court: Objection overruled.
"Q. Are you being bothered now at the present time?
   Mr. Frost: I object to that question,—
   The Court: Objection overruled.
"A. I have headaches, they are pretty bad, worse than I ever
   did have them before."

This testimony, to us, appears to be rather weak and if it were a question of first impression, we would be inclined to hold that it was insufficient, but it has been held by the appellate courts of this state that such an instruction may be based upon the testimony of the plaintiff alone and that it is unnecessary to corroborate it by medical evidence. Frazier v. St. Louis Smelting & Refining Co., 150 Mo. App. 419, 130 S. W. 485. Wilks v. St. L. S. F. R. Co., 141 S. W. 910. 159 Mo. App. 711. Hutchison v. Moerschel Products Co., 133 S. W. (2) 701, 234 Mo. App. 518. Burns vs. Polar Wave Ice & Fuel Co. (Mo. App.) 187 S. W. 145. Winkler v. Terminal Ry. Ass'n. of St. Louis 206 Mo. App. 224, 227 S. W. 625.

It is argued that this instruction "fails to confine the jury within the limits of reasonable certainty" but permits it to enter into the realm of speculation, imagination and conjecture in awarding damages for future pain and suffering. In support of this contention, appellant cites four cases, which we shall review.

In Ballard v. Kansas City, 110 Mo. App. 391, 86 S. W. 479, the court instructed the jury that the plaintiff could recover for pain and mental anguish which she "may suffer by reason of her injury in the future, if any." The appellate court held that this instruction was erroneous because it did not confine the consideration of the jury to injury within "reasonable certainty or probability."

In Schwend v. St. Louis Transit Co. 105 Mo. App. 534, 80 S. W. 40, the trial court gave an instruction that among other things, the jury could assess plaintiff's damages at such a sum as will compensate her for pain and anguish "which she may suffer in the future from the effect of such injuries." After reviewing a number of cases and text books on the subject, the appellate court reversed the trial court, holding the instruction bad, and said:

"In the words in which the instruction in this case is framed, the feature condemned by the foregoing writers and reported cases is conspicuous. Pecuniary compensation is not restricted to the prospective injuries and pain and anguish which, from the evidence, will reasonably result from the injuries, but the award of damages is to be measured as well by those she may suffer in the future from the effects of such injuries. The boundary of reasonable certainty is ignored, and the jury permitted, under such instruction, to give free rein to their respective imaginations and

individual conjectures, without lawful limits of reasonable certitude and probability, clearly defined, to guide the jury in its deliberation and finding. The judgment is accordingly reversed and the cause remanded.''

In Albin v. Chicago R. I. Pac. Ry. Co. 103 Mo. App. 308, 77 S. W. 153, the court told the jury that they might consider ''the physical pain and mental anguish, if any, the jury should believe from the evidence he (plaintiff) is likely to suffer in the future because of said injury, * * .'' The trial court was reversed because this instruction was erroneous and the Kansas City Court of Appeals said:

''The rule is that it is not the possible or probable future pain and anguish which may result from injury that will justify an award of damages, but only such damages which, from the evidence, will reasonably result in the future.''

In Allen v. St. Louis-San Fran. Ry. Co. 184 Mo. App. 492, 170 S. W. 455, the trial court instructed the jury that they should take into consideration the plaintiff's ''future bodily pain and mental anguish, if any,'' in assessing damage. The case was reversed because there was no evidence at all of future pain and suffering. But Judge Sturgis, in writing the opinion, said:

''Without saying that we would hold the instruction on the measure of damages fatally defective, as being too indefinite and roving, as to allow damages for future suffering, even if there was evidence on which to base same, it is proper to say, in view of another trial, that the jury should be carefully instructed that they may allow damages for future pain and suffering only in case and so far as the evidence shows that the plaintiff is reasonably certain to suffer same thereafter. What a plaintiff may or might suffer in the future is too remote, uncertain, and speculative. The evidence must show a reasonable certainty that there will be future suffering, and not a mere possibility, or even probability, of the same. Schwend v. Transit Co., 105 Mo. App. 534, 80 S. W. 40, and cases cited.''

We will now discuss the cases cited by respondent bearing upon this instruction.

Petty et al. v. Kansas City Public Service Co. 355 Mo. 824, 198 S. W. (2) 684, does not discuss an instruction on future pain and suffering, but is concerned with compensation allowable to parents for the loss of services of an injured child.

In Lackland v. Lexington Mining Co. 110 Mo. App. 634, 85 S. W. 397, the court instructed the jury that they might ''take into consideration the physical pain and mental, if any, that they may believe from the evidence he (plaintiff) will suffer in the future in consequence of such injuries * * .'' The giving of this instruction was held not to be error.

In Frazier v. St. Louis Smelting and Refining Co. supra. the court told the jury that they might award damages, for physical pain and mental anguish, which plaintiff is "reasonably certain to suffer in the future * * ." This was held to be a proper statement in an instruction on future pain and suffering.

In Wilkes v. St. Louis-San Fran. Ry. Co. supra, the trial court instructed the jury that they might, in assessing damages, "take into consideration all pain or suffering of mind or body which you may believe from the evidence plaintiff will suffer in the future as a direct result of said injuries, if any, * * ." This instruction was at least inferentially approved.

It seems to us that it would have been better if the instruction had told the jury to consider such pain of body and mind, if any, as the plaintiff would be "reasonably certain" to suffer in the future. This seems to be the instruction most often given and approved in this state and elsewhere.

Anno. 81 A. L. R. 423. Anno. 85 A. L. R. 1010, et seq. 15 Am. Juris. P. 814, Sec. 376. 25 C. J. S. Sec. 185, P. 885, 886, 887. Rolleg v. Lofton (Mo. App.) 230 S. W. 330. Hutchinson v. Moerschel Products Co. supra. Gillis v. Singer et al. (Mo. App.) 86 S. W. (2) 352. Reynolds v. St. L. Transit Co. 189 Mo. 408, 88 S. W. 50. Sneed v. St. L. Pub. Serv. (Mo. App.) 53 S. W. (2) 1062. Bates v. Friedman (Mo. App.) 7 S. W. (2) 452. Dean v. K. C. St. L. and C. R. Co. 199 Mo. 386, 97 S. W. 910. Roman v. King (Mo. App.) 268 S. W. 414. Wright v. Kansas City 187 Mo. 678, 86 S. W. 452. Caplin v. St. Louis Transit Co. 89 S. W. 338, 114 Mo. App. 256. Halley v. St. Joseph Ry. Light, Heat & Power Co. 115 Mo. App. 652, 91 S. W. 163.

In Taylor v. Metropolitan Street Ry Co. 166 Mo. App. 131, 148 S. W. 470, an instruction which stated a jury could consider such pain and suffering "as he (plaintiff) is reasonably *likely* to suffer therefrom in the future," was held to be good.

In Rolleg v. Lofton, supra, Judge Cox of this court condemned an instruction which told the jury that they might consider "such pain and mental anguish as plaintix *may* in the future suffer, if any,* *," and said:

"This instruction is erroneous in that it permits recovery for future pain and mental anguish. This for two reasons:

"First: It permits recovery for such future pain and mental anguish as the plaintiff *may* suffer in the future. That permitted the jury to take future pain and mental anguish into consideration in fixing the amount of damages, if they believed that plaintiff *might* suffer in the future. That was wrong. The jury should have been told that these elements could only be considered when they should find from the evidence that it was reasonably certain such pain and mental anguish would be suffered in the future. Allen v. St. L. & S. F. Ry. Co., 184 Mo. App. 492, 170 S. W. 455."

But in Reynolds v. St. L. Transit Co., supra, the Supreme Court refused to hold an instruction erroneous where the word "may" was used. This was followed by the Kansas City Court of Appeals in Robertson v. Hammond Packing Co. 115 Mo. App. 520, 91 S. W. 161 and Halley v. St. Joseph Ry. L. H. & Power Co. supra, by specifically refusing to follow Ballard v. Kansas City, Albin v. Chicago Ry. and Schwend v. St. Louis Transit Co. supra, all cited by appellant.

The exact wording of the instruction before us here has been approved in Riner v. Riek (Mo. App.) 57 S. W. (2) 724, Welborn v. Metropolitan St. Ry. Co. 170 Mo. App. 351, 156 S. W. 778 and in Booker v. Southwest Mo. R. Co. 144 Mo. App. 273, 128 S. W. 1012. In the case of Devoy v. St. L. Transit Co. 192 Mo. 197, 91 S. W. 140, Judge Lamm, speaking for the court, affirmed a case where this identical instruction was given.

While we believe it would have been better to have used the words "reasonable certainty", or "reasonably certain," under the authorities cited we cannot convict the trial court of error in giving the instruction complained of. The judgment of the trial court should be affirmed. It is so ordered.

*Blair, J.*, and *McDowell, J.*, concur.