FREDERICK ORTH *et al.*, Respondents, v. HUGO DORSCHLEIN, Appellant.

*Practice—Error.*—The Supreme Court will not reverse the judgment of the court below unless it appear that error has been committed materially affecting the merits of the action. (R. C. 1855, p. 1300, § 34.)

*Appeal from St. Louis Land Court.*

This suit was brought on the 21st of September, 1859, in the St. Louis Land Court, to recover forty-seven acres of land in St. Louis county.

On the trial, the plaintiffs proved that Martin Householder, Sr., bought a farm of one hundred and sixty acres in St. Louis county, of which the piece in dispute is a part, in July or August, 1838; that Martin Householder, a son of Martin Householder, Sr., rented the farm for 1837 from John L. Wood; that an American rented the farm for the year 1836 from said John L. Wood; that Martin Householder, Sr., took possession of said farm when he purchased the same, and occupied it for more than twenty years; that said Martin Householder, Sr., had six children; that he divided the said farm among his children, and they paid him ten dollars a year each, during his life; that he died on the piece in dispute; that one of his daughters, Maria Eva, married Frederick Orth, Sr.; that Maria Eva died, leaving only two children, the said plaintiffs; that David Manchester and wife, by deed dated November 21, 1834, conveyed the said land to John L. Wood, who conveyed the same to Martin Householder, Sr., by deed dated July 24, 1838; that Martin House-

holder and wife and the other heirs of Martin Householder, Sr., conveyed the piece of land in dispute to plaintiffs, by deed dated April 25, 1859.

The defendant proved that Frederick Orth, Sr., after the death of his first wife, the said Maria Eva, married a second wife, who is now the wife of defendant; that Frederick Orth, Sr., died, leaving a will, by which he devised all his interest in said land to his widow, who afterwards married the defendant.

At the instance of the plaintiff, the court gave the following instructions:

"If the jury believe from the evidence that the deeds read in evidence by the plaintiff are genuine; that Martin Householder died in possession of the land sued for; that said Martin Householder and those under whom he claimed the said land had the quiet and peaceable possession of said land for twenty years consecutively; that his heirs conveyed the said land sued for to the plaintiffs in this suit, then the jury will find for the plaintiffs, if the defendant was in possession of the land sued for at the commencement of this suit."

Defendant's instructions refused:

1. If Martin Householder, Sr., was not in possession of the premises in question at the time of his death, then the plaintiffs have not shown such an adverse possession as will entitle them to recover in the action.

2. If the jury find from the evidence that Martin Householder, Sr., in 1838, owned and possessed the property in question; that he had children, one of whom was named Maria Eva, who afterwards married Frederick Orth, and that the plaintiffs are children born of said marriage; and if the jury also find from the evidence that said Maria Eva acquired the property in question from her father; that she and her husband went upon the premises to reside after she so acquired the same, and continued to possess the premises in question with her husband to the time of her death; that her husband, after her death, continued to occupy the premises to the time of his death, then the plaintiff cannot recover

in this action unless the jury find from the evidence that Martin Householder, Sr., held exclusive and continuous possession of the premises in question for more than twenty years before his death, or that the plaintiff had such possession for twenty years before this suit was begun.

3. Although the jury may find from the evidence that the plaintiffs are the children and heirs at law of Maria Eva Orth, and grandchildren of Martin Householder, and that the plaintiffs are still infants, yet the plaintiffs cannot recover in this action unless the jury shall find from the evidence that the plaintiffs' mother or grandfather had continuous possession of the land in question for twenty years before the death of the mother of the plaintiffs, or that they themselves had such continuous possession for twenty years before this suit suit was begun.

Verdict for plaintiffs.

*Krum & Decker*, for appellants.

*Lackland, Cline & Jamison*, for respondents.

BATES, Judge, delivered the opinion of the court.

The judgment in this case is evidently for the right party, although, under the instruction given for the plaintiffs, it may well be doubted whether the jury might not (from the evidence preserved) have found a verdict for the defendant; and although some of the instructions moved by the defendant and refused might have been given without any violation of legal propriety, yet the merits of the action are so plainly with the plaintiffs, that under that clause of the statute which forbids this court to reverse the judgment of any court unless it shall believe that error has been committed by the court below against the appellant, and materially affecting the merits of the action, we cannot reverse this judgment.

Judgment affirmed. Judges Bay and Dryden concur.