CAPLIN, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

St. Louis Court of Appeals, October 17, 1905.

1. PERSONAL INJURIES: Future Pain: Elements of Damage. In an action for damages on account of personal injuries, the plaintiff can recover for such future consequences of the injuries only as the evidence shows would reasonably result in the ordinary course of nature from the injuries.

2. ———: ———: Instruction: "May." In an action for damages on account of personal injuries, the jury were instructed, if they found for plaintiff, to take into consideration, in assessing his damages, the future pain the plaintiff "may hereafter suffer," the instruction was not erroneous by reason of using the word "may," where the context showed that it was used to express reasonable certainty.

3. ——: ——: ——: ——: **Qualifying Phrase.** In such case, where the instruction authorized the jury in assessing damages, to consider compensation for plaintiff's loss of time in business "which he may hereafter lose, if any, by reason of said injuries," the phrase "if any" so qualifies the term, "may hereafter lose," as to give it the meaning of "must" or "shall," and is therefore not erroreous.

4. **APPELLATE PRACTICE:** Timely Exception. An objection that the plaintiff is not entitled to recover on the ground that the evidence showed a defect of parties plaintiff, can not be reviewed where the point was not made in the trial court.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*Boyle, Priest & Lehmann, Geo. W. Easley* and *Edward T. Miller* for appellant.

(1) The court erred in giving plaintiff's instruction No. 2 as to the measure of damages. Russell v. Columbia, 74 Mo. 480; Bradley v. Railroad, 138 Mo. 311; Chilton v. St. Joseph, 143 Mo. 199; Bigelow v. Railroad, 48 Mo. App. 374; Ross v. Kansas City, 48 Mo. App. 446; Fry v. Railroad, 45 Iowa 416; White v. Railroad, 61 Wis. 636, 50 Am. Rep. 154; Hardy v. Railroad, 89 Wis. 187; Kucera v. Lumber Co., 91 Wis. 637; Cameron v. Trunk Line, 10 Wash. 507; Meeteer v. Railroad, 63 Hun 533, 18 N. Y. Sup. 561; Curtis v. Railroad, 18 N. Y. 534, 75 Am. Dec. 258; 3 Sutherland on Damages (Ed. 1884), page 261; 1 Sutherland on Damages (3 Ed.), sec. 123, and vol. 3, sec. 944; 1 Joyce on Damages, secs. 244-245; Voorheis on Damages, page 72, sec. 46; Watson on Personal Injuries, secs. 302-303. (2) The proper way to draft an instruction of this character seems to be well settled by judicial precedents in this State. The jury should be instructed to find compensation "for all such damages which it appears from the evidence will reasonably result from her injuries in the future."

*Montague Punch* for respondent.

The instruction in using the words, "may hereafter suffer," and "may hereafter lose," was proper, because the word, "may" was qualified by the use of the words "if any," the effect of which was to require the jury to find that the plaintiff "will" hereafter suffer bodily and mental pain or suffering before they could allow him any damages for any such pain or suffering hereafter, and required the jury to find that plaintiff "will" hereafter lose time in his business before they could allow him any damages for any loss of time hereafter.   This form of instruction, using the qualifying words "if any" in connection with the word "may," was approved in Duerst v. St. Louis Stamping Co., 163 Mo. 617; Railroad v. Mitten, 36 S. W. 285; Railroad v. Lups, 74 Ill. App. 420; Railroad v. Krempel, 103 Ill. App. 1.   Because under the adjudications of the Supreme Court of Missouri, including the last adjudication by that court, which is controlling on the Courts of Appeal of this State, and because of a recent adjudication of the St. Louis Court of Appeals, the use of the word, "may" in an instruction on the measure of damages as objected to by appellant, will not be sufficient to warrant a reversal.   Rodney v. Railroad, 127 Mo. 680; McLain v. Railroad, 100 Mo. App. 383-386.

BLAND, P. J.—The petition alleged that defendant is a corporation engaged in operating street cars as a common carrier of passengers.   That on June 4, 1903, plaintiff hailed a car, which stopped to receive him as a passenger, but as he was in the act of boarding the car it suddenly started forward, throwing him to the street and injuring him.   After stating the various and varied bruises and injuries sustained by plaintiff, the petition continues as follows:

"Plaintiff further states that said injuries are permanent, and have since said day of June, 1903, and will

in the future wholly disable plaintiff from performing any work or labor, including that of making cloaks, in which business plaintiff was engaged on and prior to said June 4, 1903, the said plaintiff previous to receiving said injuries having conducted a cloakmaking business in partnership with his sons. Plaintiff further states that since said injuries he has suffered, is now suffering, and will continue to suffer, great pain of body and mind on account of said injuries; that he has reasonably incurred bills for medical and surgical attention, and medicines in the necessary treatment of said injuries amounting to $125, and will in the future be compelled to expend large amounts of money for the necessary treatment of said injuries aforesaid, and by reason of said injuries plaintiff has lost and will lose much time which he could have devoted to his said business. Whereby plaintiff has been damaged in the total sum of fifteen thousand dollars, for which amount, with costs, he prays judgment against defendant."

The answer was a general denial and the following allegation of contributory negligence:

"For further answer and defense, defendant says that whatever injuries plaintiff sustained were caused by his own negligence in attempting to board a moving car when the same was running at a rate of speed that made it dangerous for plaintiff, as he well knew, to attempt to board the same."

We adopt the following summary of the evidence from appellant's statement as sufficient for the discussion of the principal error assigned by appellant:

"Plaintiff's evidence showed that on the fourth of June, 1903, at the proper corner of Wash and Seventh streets, in the city of St. Louis, he notified the motorman of an approaching car that he desired to take passage thereon. He was accompanied by his daughter-in-law and her little child, aged two years. The car stopped. Plaintiff put the child on the rear platform of the car, and he then attempted to board it. He succeeded

only in catching the hand-hold of the car and getting one foot on the platform when the car suddenly started, jerking him a distance and finally throwing him to the street. He described his resulting injuries as stated in the petition, and the medical experts fully corroberated him.

"Defendant's evidence, consisting of that of the conductor and motorman of the car was to the effect that there were three men and a child at the crossing; that two of the men stepped on the platform, one of them, as the conductor supposed, taking the child with him, and the third man, the plaintiff, stepped back from the car as though he did not intend to take passage. Upon seeing that, the bell was given for starting the car, the car started, and plaintiff made a dash for the rear handle of the dash-board, which he succeeded in catching. The conductor's attention was attracted to plaintiff by some one on the car, and, having given to his motorman the emergency signal to stop, the car was brought to a standstill after running about a length and half.

"At the time of the accident plaintiff and four of his sons were equal partners in the cloakmaking business on North Eighth street, between Wash street and Franklin avenue. He worked regularly before he was injured, but from that time to the date of the trial he had not been able to work at all. His average income or earnings was $35 a week the year round. The partnership was not dissolved after the accident."

The jury returned a verdict for $3,000. Defendant filed timely motions for a new trial and in arrest of judgment, which were overruled and it has appealed to this court.

The court gave the following instruction on the measure of damages:

"The court instructs the jury, that if you find for the plaintiff, you will assess his damages at such sum as you may believe from the evidence will be a reason-

able compensation to him for the bodily and mental pain or suffering he has sustained and may hereafter suffer, if any, in consequence of such injuries, and for any time which you find from the evidence he has lost in his business, and which he may hereafter lose, if any, by reason of said injuries, and also for any liability for necessary medical services he may have incurred in consequence of said injuries."

This court, in Schwend v. Transit Company, 105 Mo. App. 534, 80 S. W. 40, condemned an instruction on the measure of present damages for a prospective loss which told the jury that plaintiff was entitled to recover compensation "for the injuries, pain and anguish already suffered by her and which she may suffer in the future from the effects of such injuries," on the ground that the instruction did not restrict the finding of present damages for such prospective loss as would reasonably result from the injury, and cited Joyce, Damages, sec. 244; Watson, Damages, Personal Injuries, secs. 302, 303, et seq.; 1 Sutherland, Damages (3 Ed.), sec. 123; Chilton v. St. Joseph, 143 Mo. 192, 44 S. W. 766; Russell v. Inhabitants, 74 Mo. 480; Ross v. Kansas City, 48 Mo. App. 440; Bradley v. Chicago, etc., Co., 138 Mo. l. c. 301, 311, 39 S. W. 763; Kucera v. Lumber Co., 91 Wis. 637, and a number of other cases from other States, in support. To these citations might be added a large array of both American and English cases holding that only such present damages for future consequence of an injury can be recovered as appears from the evidence would reasonably result in the ordinary course of nature. There are no exceptions to this rule in either American or English jurisprudence and there is no disagreement between counsel about the rule of damages, but there is a contention about the meaning of the word "may" as used in the instruction on the measure of damages. Counsel for appellant contends that it means "possible." Respondent's counsel contends that from its context it can have no other meaning than "must" or

"shall." Webster defines the word to be "an auxiliary word qualifying the meaning of another word by expressing ability, contingency, possibility or probability."

In Ford v. City of Des Moines, 106 Iowa 94, it was ruled that the word "may," used in an instruction in a personal injury case, wherein the jury were told that they might allow plaintiff "for pain, inconvenience or impairment of enjoyment for such time as the same . . . may continue, as shown by the evidence, in the future," was capable of being construed by the jury to mean "might," and for that reason was erroneous.

In Reynolds v. Transit Company, 88 S. W. (Mo.) 50 (a personal injury case), the following instruction on the measure of damages was given: "If under the law and evidence you find the issues in this cause for the plaintiff, the damages which you may award him should be compensatory only, and in estimating such damages you will take into consideration and allow him for expenses for doctor's bill incurred, if any, in treating his injuries; also, compensation for the time lost, if any, during his illness occasioned by his injury. And while the evidence may not prove any specific sum in dollars and cents that plaintiff may have been damaged by reason of physical pain and mental anguish, yet you may allow him what you believe to be just and fair to compensate him for such sufferings, if any. You will also take into consideration, in estimating his damages, his diminished capacity for earning money, if you so believe from the evidence, and on account thereof make him such allowance as you may believe to be fair and just for any loss that you may believe from the evidence that he has sustained in the past by reason thereof, and for any loss you may believe from the evidence he may sustain in his future earnings, by reason of such diminished earning capacity as may be occasioned by his injury." In respect to the following criticism of the instruction, "that it directs a recovery for loss of future earnings that the plaintiff may sustain by reason of

diminished earning capacity that may be occasioned by
his injury," made by counsel for appellant, our Supreme
Court, speaking through VALLIANT, J., said: "The word
'may,' used as an auxiliary verb, has a wide scope of
meaning, into which the idea of mere possibility enters;
but it also comprehends the idea of probability, and also
the thought of what is with more or less certainty to be
expected, and whether it is to carry the one thought or
the other often depends on the context. The word 'may'
is used in this instruction nine times. If we should
erase it whenever it occurs, and write in its place 'possi-
bly might,' we would convert it into an instruction con-
veying a very different meaning from that which a cas-
ual reading of it now conveys. This instruction is an
almost literal copy of one approved by this court in
Rodney v. Railroad, 127 Mo. 676, 28 S. W. 887, 30 S. W.
150, where the word 'may' is used in the same sense. The
term 'may sustain in the future,' in reference to the
same subject, has been approved in other cases by
this court. [O'Connell v. Railway, 106 Mo. 484, 17 S.
W. 494; Duerst v. Stamping Co., 163 Mo. 617, 63 S. W.
827.] A safer word than 'may' could be used to express
the idea of probability or reasonable certainty; but we
will not hold an instruction erroneous, where the context,
in the light of the facts of the case to which the instruc-
tion is applied, shows that it is used to imply reasonable
probability or reasonable certainty."

In the Rodney case, cited by the learned judge writ-
ing the opinion in the Reynolds case, the specific objec-
tion to the use of the word "may" in the instruction is
not found in the briefs of counsel and was not discussed
or alluded to in the opinion of the court. In the O'Con-
nell case the instruction on the measure of damages is
not alluded to at all in the opinion of the court. In the
Duerst case the instruction on the measure of damage
was not criticised by counsel for appellant nor was it
discussed by the court in its opinion. All the instruc-
tions given in the case were disposed of in a paragraph

of six lines of the opinion and pronounced "good," without discussion, with one exception (No. 6, not the instruction on the measure of damages). So far as I have been able to ascertain from a search of the Supreme Court reports the Reynolds case is the first one in which the Supreme Court has discussed and passed upon a specific objection to the use of the word "may" as used in an instruction like the one given in the Reynolds case. It is conceded by the learned judge who wrote the opinion that "a safer word than 'may' " could have been used in the instruction. But he says: "We will not hold an instruction erroneous, where the context, in the light of the facts of the case to which the instruction is applied, shows that it is used to imply reasonable probability or reasonable certainty." From the facts shown by the evidence in a case, an appellate court may determine whether or not an instruction for compensation for future loss as a result of an injury should be given or refused, and if such damages are awarded by the jury whether or not they are excessive, the correctness of the instruction, when given, it seems to me, should be construed by the rule for the measurement of this particular element of damages. The proof to establish the case and the damages may be so strong and the damages assessed so reasonable that under the direction of section 865, Revised Statutes 1899, the court should affirm the judgment, regardless of any errors of the trial court. [Orth v. Dorschlein, 32 Mo. 366; Burns v. City of Liberty, 131 Mo. 372, 33 S. W. 18; Comfort v. Ballingal, 134 Mo. 281, 35 S. W. 609.] But beyond this limit, I cannot see how the terms of the instruction can be interpreted by the facts of the case, and I do not understand the instruction in the Reynolds case was interpreted by the evidence, as contended by appellant's counsel. If I correctly understand the language of the learned judge writing the opinion, the Reynolds case is authority for holding that in a personal injury case, where the evidence warrants the jury to as-

sess present damages for future loss as a result of an injury, and the instruction is couched in such language as to convey the thought that such damages should be confined to such loss as is reasonably certain to result from the injury, it will be approved, though the instruction might have been and should have been couched in more appropriate terms, and that the word "may," from its context, may be construed to mean "shall" or "must." As said in the Reynolds case, the word "may" sometimes means "must" or "shall." The sense in which the word is used can only be ascertained by the context, the subject-matter to which it refers, and the nature and purpose of the instrument in which it occurs. The instruction in the case at bar told the jury, in effect, that if they found for plaintiff, he was entitled to compensation for loss of time in his business, caused by the injury, also to compensation for loss of time in his business "which he may hereafter lose, if any, by reason of said injuries." The phrase, "if any," so qualifies the phrase, "may hereafter lose" as to give the latter the meaning of "must" or "shall." On the authority of the Reynolds case, we do not think the instruction should work a reversal of the judgment.

2.  Plaintiff's evidence shows that he and his four sons were cloakmakers working together in the same room. He designates himself and his sons as partners and said that the earnings of himself and boys averaged about thirty-five dollars per week each.

Charles Caplin, plaintiff's son, testified that he, his three brothers and plaintiff were partners in the cloakmaking business. The firm employed two helpers regularly and at busy seasons from six to ten. Plaintiff worked regularly before the accident and was an expert in that kind of work. Plaintiff's part of the partnership earnings or income prior to the accident ran from thirty to fifty-five dollars weekly. Plaintiff was in good physical condition before the accident.

On this evidence appellant contends that respond-

ent was not entitled to recover for the loss of his earnings; that his earnings belonged to the partnership, and his partners only could sue and recover for the loss, if we should concede that the evidence proves that plaintiff and his four sons were partners in the cloakmaking business and that his earnings went to the benefit of the firm. The point that the firm was entitled to his earnings and was the proper party to sue for them was not made in the lower court and hence cannot be reviewed here. [R. S. 1899, sec. 346.]

No reversible error appearing, the judgment is affirmed. All concur.