DEAN, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

St. Louis Court of Appeals, January 8, 1907.

DAMAGES: Future Loss of Earnings: Instruction: "May." In an action for personal injuries, an instruction which authorized the jury on a finding for the plaintiff to consider any loss of earnings "she may suffer in the future as the direct and reasonable result of said injuries," was not erroneous.

Appeal from St. Louis City Circuit Court.—*Hon. J. R. Kinealy,* Judge.

AFFIRMED.

*Boyle, Priest & Lehmann, George W. Easley* and *Glendy B. Arnold* for appellant.

The court erred in giving the third paragraph of the second instruction found at pages 35 and 36 of the abstract of record. She was only entitled to recover for any loss or injury that she will with reasonable certainty suffer in the future. She cannot recover for such damages as she may possibly suffer in the future. Russell v. Columbia, 74 Mo. 480; Bradley v. Railroad, 138 Mo. 301; Chilton v. St. Joseph, 143 Mo. 199; Bigelow v. Railroad, 48 Mo. App. 374; Ross v. Kansas City, 48 Mo. App. 446; Fry v. Railroad, 45 Iowa 416; White v. Railroad, 61 Wis. 636, 50 Am. Rep. 154; Hardy v. Rail-

road, 89 Wis. 187, 61 N. W. 771; Kucera v. Lumber Co., 91 Wis. 637, 65 N. W. 374; Cameron v. Trunk Line, 10 Wash. 507, 39 Pac. 128; M'eeteer v. Railroad, 63 Hun 533, 18 N. Y. Sup. 561; Curtis v. Railroad, 18 N. Y. 534; 75 Am. Dec. 258; 3 Sutherland on Damages (Ed. 1884), p. 261; 1 Sutherland on Damages (3 Ed.), sec. 123, and vol. 3, sec. 944; 1 Joyce on Damages, secs. 244, 245; Voorhies on Damages, p. 72, sec. 46; Watson on Personal Injuries, secs. 302, 303; Schwend v. Transit Co., 80 S. W. 40.

*Frank H. Haskins* for respondent.

Plaintiff's instruction on the measure of damages was correctly framed. She is entitled to recover for loss of earnings she may suffer in the future as the direct and reasonable result of said injuries. Rodney v. Railroad, 127 Mo. 691; Covell v. Railroad, 82 Mo. App. 187; McLain v. Railroad, 100 Mo. App. 386; Duerst v. Stamping Co., 163 Mo. 623; Railroad v. Lups, 74 Ill. App. 426; Electric Co. v. Kremple, 103 Ill. App. 1; Railroad v. Mitten, 36 S. W. 285.

GOODE, J.—Action for damages for personal injuries received in a street car accident. Besides instructions on the main issues, this one was given on the measure of damages:

"The court instructs the jury that if, under the evidence and the instructions of the court, they find in favor of the plaintiff, they will assess her damages at such sum as the jury believe from the evidence will be a reasonable compensation to the plaintiff:

"1st. For any pain of body and anguish of mind suffered by her as the direct result of the injuries suffered by her and described in the evidence, and also for such pain of body and anguish of mind, if any, which will reasonably result to plaintiff from said injuries in the future.

"2d. For such reasonable expense incurred, if any, by plaintiff for medical attendance directly caused by her said injuries.

"3d. For any loss of earnings suffered by plaintiff as the result of her said injuries, and also for any loss of earnings she may suffer in the future as the direct and reasonable result of said injuries."

There is but one assignment of error in the case and it is that the third paragraph of that instruction erroneously told the jury they might award plaintiff damages not only for any loss of earnings already sustained by her as the result of her injuries, but also for any loss of earnings she may suffer in the future as the direct and reasonable result of said injuries. The contention is that the word "may" allowed a recovery for loss of future earnings without proof that such loss was reasonably certain to occur. This point must be ruled against the appellant on the authority of Reynolds v. Transit Co., 189 Mo. 408, 80 S. W. 50; and Caplin v. Id., 114 Mo. App. 256, 89 S. W. 338; Dean v. K. C., etc., R. R., 97 S. W. (Mo.) 910.

The judgment is affirmed. All concur.