GEORGE C. WHITWORTH, Respondent, v. HENRY SHURK, Appellant.

St. Louis Court of Appeals, June 6, 1917.

1. **MASTER AND SERVANT: Injury to Servant: Safe Place to Work: Sufficiency of Evidence.** In an action for injuries to a servant by reason of the slipping of a ladder, upon which he was standing, evidence that the ladder rested upon a hardwood floor, without being secured so as to prevent it from slipping, and that the foreman ordered him to hurriedly ascend it, without warning him of the attendant danger, *held* sufficient to warrant a finding that defendant was negligent.

2. ———: ———: **Assumption of Risk: Contributory Negligence.** A servant does not assume a risk arising from the negligence of the master; so that, where a prima-facie case of negligence on the part of the master is made, the servant cannot be defeated on the theory that he assumed the risk, although he may be denied a recovery on the ground of contributory negligence.

Whitworth v. Shurk.

3. ————: ————: **Contributory Negligence: Obedience to Peremptory Order.** In an action for injuries to a servant by reason of the slipping of a ladder, upon which he was standing, and which rested upon a hardwood floor, without being secured so as to prevent it from slipping, *held* that evidence that plaintiff ascended the ladder in response to the foreman's order to do so quickly does not establish contributory negligence as a matter of law in failing to ascertain whether or not the ladder was secured, since plaintiff, in obeying the foreman's order to hurry, had the right to rely upon the latter's doing his duty with respect to exercising ordinary care to prevent the ladder from slipping.

4. ————: ————: **Instructions: Harmless Error.** In such case, an instruction given for plaintiff charged the jury that if they found from the evidence that the ladder was placed on a hardwood floor, without being secured so as to prevent it from slipping, that the foreman knew, or by the exercise of ordinary care would have known, of the dangerous condition of the ladder, that this was unknown to plaintiff, and that the foreman failed to warn plaintiff thereof, and that the ladder slipped while plaintiff was on it, causing him to fall and receive injuries, they should return a verdict for plaintiff, provided they "also believe and find from the evidence that the failure, if any, of defendant or his said foreman so to place or guard or secure said ladder as reasonably to prevent the slipping thereof, *or* the failure, if any, of defendant, or his said foreman, to notify plaintiff as to the condition of said ladder, constituted negligence on the part of defendant or his said foreman." On appeal, the quoted proviso was assailed, on the ground that it permitted the jury to return a verdict for plaintiff upon finding that *either* the failure to secure the ladder *or* the failure to notify plaintiff of the condition thereof was negligence on the part of the foreman. *Held*, that, while the proviso is unfortunately worded, nevertheless, in view of the fact that the preceding hypotheses required a finding of the facts constituting negligence on the part of defendant, the instruction sufficiently covered the case and could not have confused or mislead the jury, and hence it was not prejudicially erroneous.

5. **DAMAGES: Instructions: Permitting Recovery for Results that "May" Ensue.** An instruction authorizing an award of damages in a personal injury case, to the extent that plaintiff "may hereafter be prevented" from working, was not reversible error, on the theory that it did not confine the recovery to disabilities reasonably certain to result, in view of the fact that it required the jury to take into consideration "all the facts and circumstances in evidence" and directed them to allow a recovery for future disability arising "by reason of such injuries" only.

Appeal from St. Louis City Circuit Court.—*Hon. William M. Kinsey,* Judge.

AFFIRMED.

*J. P. McCammon* and *R. M. Sheppard* for appellant.

(1)   An ordinary ladder which is used from place to place in the course of work and which has no prongs or hooks or other appliances to keep it from slipping, is not a dangerous appliance, but a very simple one and safe in the hands of an experienced man for such uses as ladders are usually applied.  Actionable negligence cannot be predicated upon the failure of the employer to maintain hooks or prongs or other guards upon ladders of this character to keep them from slipping while workmen are engaged in work upon them.  Blundell v. Mfg. Co., 189 Mo. 552; McDonald v. Lovell, 82 N. E. 955; Corcorn v. Milwaukee Gas Light Co., 51 N. W. 328; Sheridan v. Gorham Mfg. Co., 13 L. R. A. (N. S.) 687 and note; Courter v. Tootle-Wheeler, 136 Mo. App. 192; Borden v. Daisy Roller Mills Co., 98 Wis. 407, 74 N. W. 91; LaPierce v. Railroad, 58 N. W. 60; Silvia v. Nixon Mining Drill Co., 51 L. R. A. (N. S.) 337; Cahill v. Hilton, 106 N. Y. 512, 13 N. E. 339; Marsh v. Clickering, 101 N. Y. 396, 5 N. E. 56; Electric Light & Power Co. v. Murphy, 115 Ind. 566, N. E. 30; Meador v. Railroad, 37 N. E. 721; Labatt, Master and Servant, 924a; Dessecher v. Phoenix Mills Co., 98 Minn. 389, 108 N. W. 516; Elliott on Railroads (2 Ed.) sec. 1283; Junior v. Missouri Electric Light & Power Co., 127 Mo. 79; Braden v. Railroad, 174 Mo. App. 587; Hirsch v. Freund, 150 Mo. App. 162; Omans v. Hammond Packing Co., 151 Mo. App. 557; Labatt's Master and Servant, sec. 1144.   (2)   Plaintiff's instruction No. 1 authorized the jury to find for the plaintiff even though they might find that the defendant was not negligent in placing the ladder and failing to guard the same in any way, if they should find that the defendant was guilty of negligence in failing to notify plaintiff as to the condition of said ladder.  The authorities cited under the previous points are applicable to this phase of this instruction.  The ladder being a simple appliance, there being no hidden or concealed danger, the work

not being extra hazardous and the plaintiff being an experienced man, there was no duty or obligation upon the defendant to notify or warn plaintiff of the condition which the ladder was in at the time he attempted to climb the same. Therefore, the court committed error in permitting the plaintiff to recover upon this single ground of negligence. (3) There was no evidence of a permanent injury or a permanent impairment of plaintiff's working capacity, but upon the contrary the evidence showed that he had worked for two months previous to the trial of this case; his physician testified that it was his opinion that within a year from the accident plaintiff would have fully recovered from his injuries. The instruction upon the measure of damages should have limited plaintiff's right of recovery by reason of his future inability to work to such as it was reasonably probable would result from his injury. Ballard v. Kansas City, 110 Mo. App. 391; Schwend v. Transit Co., 105 Mo. App. 534; Baker v. Independence, 93 Mo. App. 165; Albin v. Railroad, 103 Mo. App. 308; Bigelow v. Railroad, 48 Mo. App. 367; Beasley v. Transfer Co., 148 Mo. 420; Batten v. Transit Co., 102 Mo. App. 85; Smiley v. Railroad, 160 Mo. 629; Gerdes v. Foundry, 124 Mo. 347; Rosencranz v. Railroad, 108 Mo. 9; Chilton v. St. Joseph, 143 Mo. 192; Strohm v. Railroad, 96 N. Y. 306; Curtis v. Railroad, 18 N. Y. 534; Watson on Damages for Personal Injuries, sec. 302. Joyce on Damages, 244.

*Perry Post Taylor, Emil Mayer* and *Ben L. Shifrin* for respondent.

(1) Unless plaintiff knew that the ladder was not reasonably secured to prevent its slipping he cannot be held to assume the risk thereof. There is no assumption of risk without assent, and assent implies knowledge of conditions. Assumption of risk and negligence are unlike because of the difference of the "states of mind in whch they are rooted." Lee v. St. L., Etc., Ry. Co., 112 Mo. App. 372; Adolff v. Columbia P. & P. Co., 100 Mo. App. 206. Unless, therefore, Whitworth knew

there was danger in obeying the foreman's order to mount that ladder, as thus set and placed by the foreman, he cannot be said to have assumed the risk, Bennett v. Lime Co., 146 Mo. App. 565. (2) It was negligence on the part of Emhoff, the foreman, to set and place a ladder upon a hardwood floor, for use by his workmen, without taking reasonably adequate measures to secure or guard it, and it was further negligence on the part of the foreman, who knew the danger and who ordered plaintiff to that place of danger, not to warn plaintiff of the risk he was about to encounter so that he, knowing the condition, might be afforded the opportunity either to refuse to obey the order or to take precautions to avoid the danger. It is a well-known rule of law that the servant does not assume the risk of danger caused by the master's negligence. Erwin v. Mo. & Kan. Tel. Co., 173 Mo. App. 508, 158 S. W. 922; Strother v. Kansas City Milling Co., 261 Mo. 1, 24; Price v. Hiram Lloyd B. & C. Co., 177 S. W. 700, 191 Mo. App. 395; George v. Railroad, 225 Mo. 364, 407. (3) When the plaintiff was ordered by defendant's foreman to hurry and mount the ladder, which the foreman himself had set and placed, he had the right to assume that the foreman would not order him to a place of danger without warning him. Such an order was an assurance by the master that the place was safe. Hence to obey such an order constituted no assumption of risk or contributory negligence. Clark v. Iron & Foundry Co., 234 Mo. 436; Herdler v. Buck's Stove & Range Co., 136 Mo. 3; Baxter v. Campbell Lumber Co., 171 S. W. 955, 186 Mo. App. 352. (4) There was no plea of contributory negligence. Defendant does not directly urge that contributory negligence has any place in this case. We call the court's attention, however, to the fact that, by the foreman's order to mount the ladder in a hurry, (a) there was an assurance to plaintiff that the place was safe (see authorities under our point 3); and (b) since "the danger not being so glaring and obvious as to deter a reasonably prudent man from following the master's directions," there could be no contributory negligence as a matter of law. Price v. Hiram Lloyd B. & C. Co.,

177 S. W. 700, 702, 191 Mo. App. 395; Dean v. Railroad, 137 S. W. 603, 604, 156 Mo. App. 634. (5) The ladder, as thus set and placed by the foreman, was dangerous; and Emhoff, the foreman, having himself set and placed it, knew it was dangerous; and when he (Emhoff) ordered the plaintiff to use the ladder in its thus dangerous condition, it became his duty to warn plaintiff of that condition. Hall v. Wabash Ry. Co., 145 S. W. 1169, 1170, 165 Mo. App. 116. (6) There was no error in the instruction complained of. It required the jury to find more than was necessary to make a case for plaintiff. The instruction was sufficient without the proviso clause, which simply placed a further limitation on plaintiff's right to recover. Pendegrass v. Railroad, 162 S. W. 712, 179 Mo. App. 517. (7) As to the instruction on measure of damages. There was no error in that instruction. The clause thereof objected to is followed immediately by the words ''by reason of such injuries.'' The jury were thereby sufficiently advised and limited as to what they should find. Dean v. Railroad, 199 Mo. 386; Rodney v. Railroad, 127 Mo. 685.

ALLEN, J.—This is an action to recover for personal injuries sustained by plaintiff while in the employ of defendant as the latter's servant. The trial below, before the court and a jury, resulted in a verdict and judgment for plaintiff in the sum of $1,700, and the defendant prosecutes the appeal.

At the time of plaintiff's injury, to wit, February 17, 1914, he was in defendant's service as a structural iron worker, and was assisting in erecting some structural iron or steel work in a building which defendant was erecting in the city of St. Louis. Plaintiff was under the immediate supervision of defendant's foreman, one Emhoff, and upon the occasion in question he was ordered by Emhoff to ascend a ladder and perform certain services in connection with the raising and installing of a ''corner angle'' of steel or iron, and while in the act of ascending the ladder in compliance with said order, and when near the top thereof, it slipped from un-

der him, precipitating him to the floor below, whereby he received serious injuries.

The petition charges that the ladder which plaintiff was ordered to ascend was negligently placed by defendant's foreman, so that "it was not in a reasonably safe condition for use thereof by this plaintiff, in that said ladder was placed so that the bottom thereof rested on a hardwood floor and was not reasonably secured or guarded, so as to prevent it slipping," which fact the foreman knew, or could have known by the exercise of ordinary care, but which was unknown to plaintiff; and it is averred that while plaintiff was ascending the ladder, in the prosecution of defendant's work and pursuant to the foreman's orders, "because of the negligent placing, as aforesaid, of said ladder, and with the negligent failure of defendant and its said foreman to reasonably secure or guard the same, or to notify or warn plaintiff of the condition thereof, the said ladder slipped," whereby plaintiff was precipitated to the floor and injured. The answer is a general denial, coupled with a plea to the effect that plaintiff's injuries, if any, resulted from the ordinary risks incident to the business in which he was employed, and that the risk was one assumed by him when he entered the employment.

From plaintiff's testimony it appears that the ladder from which he fell was a section of an extension ladder, the section being eighteen or twenty feet in length; that plaintiff and another workman, pursuant to directions given them, took the extension ladder from some other portion of the building, disconnected the parts thereof, and handed to Emhoff the section from which plaintiff afterwards fell; and that Emhoff took this section to the place where it was to be used and placed it in position against a beam. Plaintiff testified that this occurred some considerable time before he was injured, perhaps half an hour, and that, having become engaged in other work, he did not notice how Emhoff placed the ladder. The foreman's testimony is that he placed the ladder in position, with the assistance of one of his men, about five minutes before plaintiff was injured. Plaintiff tes-

tified that the "corner angle" which was being put in place was held with guy lines; that it "kept swinging away;" and that the foreman ordered him to take the east guy line, ascend the ladder, and pull the "angle" over, so that it could be fastened in place. As to the order given him by Emhoff plaintiff said:

"He told me to take that guy line and hurry up the ladder and pull it (the corner angle) over, because he was ready to connect it; he told me to be in a hurry about it. . . . He says: 'George, take that rope, and hurry up that ladder, and straighten that up, so we can get it connected.'"

Plaintiff's testimony is that he did not look at the time to see whether there was anything at the base of the ladder to prevent it from slipping, but that after his fall he observed that the ladder had been placed on the smooth, finished maple floor, with nothing to hold it in place or prevent the slipping thereof; and though it seems that the foreman was standing all the while near the ladder, he did not hold it or cause it to be held while plaintiff was upon it. Plaintiff testified that he had never worked on that floor before; that in the other portions of the building ladders, when used as was this one, were fastened at the bottom with a cleat, so that they would not slip; and the evidence in plaintiff's behalf is to the effect that in such work it is customary to nail cleats to the flooring, where practicable, in order to safely secure a ladder used in the prosecution of the work, and that where a ladder is placed upon a finished floor, which would be defaced by nailing cleats thereon, then other means are employed to secure it; that either planks or timbers are placed at the foot of the ladder, extending to a wall or some other firm object, or the ladder is tied or fastened at the top to prevent it from slipping, or, if none of these methods are practicable or desirable, then it is customary for some one to stand and securely hold the ladder while in use. A witness experienced in such matters testified that a two-inch plank eight or ten feet long, laid close to the foot of such a ladder, would "help

to prevent it from slipping," saying that it would take but little to hold it in position, if properly placed.

The foreman testified that he caused the ladder to be placed so that the base thereof was against a small iron "angle," perhaps 5/16 or 3.8 of an inch in thickness, extending from some shelving, and which was fastened to the floor, thinking that this "would answer as a cleat to a certain extent." Another witness for defendant, a fellow workman with plaintiff, testified that the "left leg" of the ladder was against the small iron "angle" to which the foreman referred, which extended along the floor only about two or two and one-half inches, the other leg of the ladder being upon the open floor. As to the order given plaintiff the foreman said, "I may have told him to hurry." And he testified that plaintiff ran up the ladder.

I.   It is earnestly insisted that the trial court erred in refusing to peremptorily direct a verdict for defendant, but we think that the argument advanced in support thereof is without merit. Appellant places much reliance upon the decision of our Supreme Court in Blundell v. Manufacturing Co., 189 Mo. 552, 88 S. W. 103, but we regard it as quite clear that it has no application to the case before us. Plaintiff's action does not here proceed upon the theory that the defendant, as master, was guilty of negligence in furnishing plaintiff with a defective ladder —defective by reason of not having prongs or safety hooks attached thereto to keep it from slipping, as in the Blundell case. As shown above, the negligence charged in the petition is that defendant, through its foreman, who was present and personally directing the work, negligently placed the ladder so that it was not reasonably safe, in that "the bottom thereof rested upon a hardwood floor and was not reasonably secured or guarded, so as to prevent its slipping;" plaintiff further alleging that the ladder slipped and fell by reason of the "negligent failure of defendant and its said foreman to reasonably secure or guard the same or warn plaintiff of the condition thereof." And the evidence adduced by plain-

.tiff went to sustain the allegations of his petition. In other words, the negligence counted upon, and which plaintiff's evidence tended to establish, was not in furnishing plaintiff with a ladder which was not reasonably safe, but was that of defendant's foreman, who placed the ladder in position, in failing to take reasonable precautions to prevent the slipping thereof, and in ordering plaintiff to hurriedly ascend it without warning him of the attendant danger. Granting that it was not practicable to nail cleats into the finished floor, the ladder might readily have been made secure by other means, or held in position while plaintiff was ascending it; and the duty which the law cast upon the master to exercise ordinary care for the safety of his servant required that such precaution be taken under the circumstances.

The answer pleads assumption of risk; but, since defendant's negligence appears, assumption of risk has, under our law, no place in the case. It is settled law in this jurisdiction that a servant does not assume a risk arising from the negligence of the master. A primafacie case of negligence on the part of the master having been made out, the servant cannot be defeated on the theory that he assumed the risk, though he may be denied a recovery on the ground of contributory negligence. [See Strother v. Milling Co., 261 Mo. loc. cit. 23 et seq., 169 S. W. 43.]

Defendant did not plead contributory negligence in defense; but it is argued here that plaintiff's evidence shows that he was guilty of negligence, as a matter of law, contributing to his injuries, in failing to look to see whether or not the ladder was secured by cleats or otherwise before undertaking to ascend it. This position we regard as quite untenable under the evidence adduced. The evidence in plaintiff's behalf is to the effect that after the ladder had been placed in position by the foreman, while plaintiff was otherwise engaged, the foreman ordered him to ascend it with a guy rope, telling him to hurry; and plaintiff says that in obedience to that peremptory order he hastily ascended the ladder (as also appears from the foreman's testimony) without looking

to see whether or not it had been made secure. That plaintiff, in obeying an order of that character, did not stop to search for danger, but relied upon the *alter ego* of the master, who was personally directing the work, not to negligently hasten him into a place of danger without warning, does not convict him of contributory negligence as a matter of law.

We think that the demurrer was well ruled.

II. The giving of plaintiff's first instruction, the main instruction given at plaintiff's request, is assigned as error. It requires the jury, in order to return a verdict for plaintiff, to find that plaintiff, while in defendant's employ, was ordered to mount a certain ladder to perform some work; "that said ladder had theretofore been placed by defendant's foreman, or under the directions of said foreman, and without any assistance on the part of plaintiff; that said ladder was so placed that the bottom thereof rested on a hardwood floor; that said ladder was not so placed or secured or guarded as reasonably to prevent the slipping thereof when in use, and was dangerous to any person who might mount the same; that the defendant or his said foreman knew, or by the exercise of ordinary care could have known, that said ladder was not so placed or guarded or secured, and was dangerous, and that such condition as to said ladder was unknown to plaintiff, and that defendant, or his said foreman, did not notify or warn plaintiff of such condition as to said ladder; and that in obedience to such order, plaintiff mounted said ladder, and that thereupon, and because of the fact that said ladder was not so placed or guarded or secured as reasonably to prevent its slipping, said ladder slipped and fell, and plaintiff was thereby precipitated to the floor and injured." And the jury are told, if they so find, to return a verdict for plaintiff, provided they "also believe and find from the evidence that the failure, if any, of defendant or his said foreman so to place or guard or secure said ladder as reasonably to prevent the slipping thereof or the failure, if any, of defendant, or his said foreman, to notify plain-

tiff as to the condition of said ladder, constituted negligence on the part of defendant or his said foreman.''

It is this proviso, at the end of the instruction, which is assailed, on the ground that, being thus in the alternative, it permits the jury to return a verdict for plaintiff upon finding that either the failure to secure the ladder or the failure to notify plaintiff of the condition thereof was negligence on the part of the foreman. But, in view of the facts required to be found by the main part of the instruction, we think that the form of this proviso, thus added at the end thereof, could not constitute reversible error. The instruction requires the jury to find facts which constitute negligence on the part of the defendant, requiring the finding that the foreman knew, or by the exercise of ordinary care would have known, of the dangerous condition of the ladder, that this was unknown to plaintiff, and that the foreman failed to warn plaintiff thereof. The latter part of the instruction is unfortunate in its wording; but, when the whole instruction is viewed, it is manifest, we think, that it sufficiently covers the case and could not be confusing or misleading to the jury.

III. Plaintiff's instruction on the measure of damages authorizes the jury to take into consideration, ''in connection with all the facts and circumstances in evidence, the bodily pain and suffering and mental anguish, if any, endured by him and resulting from the injuries received, the character and extent of his injuries, the extent, if any, to which he has been prevented and disabled, *and may hereafter be prevented and disabled,* by reason of such injuries, from working and earning a livelihood for himself,'' etc. (Italics ours.) It is argued that the use of the word ''may,'' in the expression which we have italicized above, constitutes prejudicial error, in that it does not confine the recovery to such future disability as is reasonably certain to result from the original injury. Authorities are cited supporting this view. Among them are Ballard v. Kansas City, 110 Mo. App. 391, 86 S. W. 479, and cases there cited. But the point urged is fully

disposed of, adversely to appellant's contention, by the more recent decision of the Supreme Court in Dean v. Railroad, 199 Mo. loc. cit. 397, 97 S. W. 910. As in the Dean case, supra, the word "may" is here employed where another word or expression would be more appropriate; but the instruction requires the jury to take into consideration "all the facts and circumstances in evidence," and to allow a recovery only for future disability arising "by reason of such injuries." As said in the Dean case:

"This points the jury to the injuries and to the evidence. . . . Therefore, while it may be conceded that the instruction is unfortunately worded, . . . it was not reversible error to give it under the circumstances in judgment and with the resrictive limitations of the context."

In this connection see, also, Reynolds v. Transit Co., 189 Mo. 408, 88 S. W. 50, 107 Am. St. Rep. 360; Garard v. Coal & Coke Co., 207 Mo. loc. cit. 256, 257, 105 S. W. 767; Dean v. Transit Co., 121 Mo. App. 379, 99 S. W. 33; Brown v. Barr, 184 Mo. App. loc. cit. 456, 171 S. W. 4; Pendegrass v. Railroad Co., 179 Mo. App. 517, 162 S. W. 712.

We perceive no reversible error in the record, and it follows that the judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Becker, J.,* concur.