## GRANT G. JONES v. QUEEN CITY WOOD WORKS COMPANY.

Springfield Court of Appeals, March 11, 1922.

1. **APPELLATE PRACTICE: Controverted Question of Fact Settled by Verdict of Jury Supported by Evidence.** The question whether an injured servant was directed by the foreman to do the work in the manner he was doing it, as claimed by him in his testimony, corroborated by circumstances, but denied by the foreman, is settled by the verdict of the jury for the servant.

2. **MASTER AND SERVANT: Risk Not Assumed:** A servant does not assume risks occasioned by the negligence of the master.

3. ————. Servant will be barred from recovery for injury occasioned by working under conditions made dangerous by the negligence of the master with full knowledge of the servant, only on account of servant's own contributory negligence, and then, as a matter of law, only when the danger attending the work is so glaringly dangerous that no ordinarily prudent man would undertake it.

4. ————. Where a servant was directed by his master to carry planks along an icy walk, and another servant had just performed a similar task in safety, it was not contributory negligence as a matter of law for the servant to attempt the task, since reasonable minds might differ as to whether the danger of injury from such task was so apparent that the servant should have refused to perform it.

5. **NEGLIGENCE: Determined by Facts of Case.** Negligence is a relative term to be tested under the facts in each particular case.

6. **MASTER AND SERVANT: Negligence Held Question for Jury.** Where a servant was injured while carrying planks along an icy walk under the orders of his foreman, and the evidence showed there was a sufficient quantity of sawdust at hand to have sprinkled on the walk to make it less dangerous, reasonable minds might differ as to whether the master was negligent in failing to cover the walk with sawdust before directing the servant to undertake the work, so that the master's negligence was a question for the jury.

7. **MASTER AND SERVANT.** A servant does not assume the risk of his master's negligence, therefore a special defense that if the servant knew and understood the conditions and the danger, and had the same opportunity of knowing them as did the master, and appreciated the danger, he could not recover, was properly omitted from an instruction authorizing a verdict for plaintiff on certain findings, where it was a question for the jury whether the injury resulted from the master's negligence.

Appeal from the Circuit Court of Greene County.—*Hon. Guy D. Kirby*, Judge.

AFFIRMED.

*John P. McCammon* for appellant.

(1) If a servant in the face of a manifest danger chooses to go on with the work, he does so at his own risk and not at the risk of his master. Labatt, Master and Servant, sec. 1183. (2) The risk of falling on the

icy pavement was assumed by plaintiff, being known to him. Thomas v. Railway Co., 107 Mo. 187; Price v. Railway, 77 Mo. 508; 2 Thompson on Negligence, sec. 1008. (3) It is not negligence to employ men to work in places known by them to be dangerous. Berry v. Kansas City, 128 Mo. App. 374; Nagel v. Gas Co., 169 Mo. App. 423. (4) When the servant ought to have known of the risk he cannot recover. Labatt, Master and Servant, sec. 1307, p. 3663. (5) The risk of falling on the ice was a natural risk incident to plaintiff's employment. Watson v. Coal Co., 52 Mo. App. 366; Braden v. Railway, 174 Mo. App. 584. (6) Plaintiff assumed all risk of injury in this case. Bohn v. Railroad, 106 Mo. 429, l. c. 434; Shea v. Railroad, 76 Mo. App. 29. (7) The second special defense of defendant, proven by plaintiff's testimony was not referred to in plaintiff's first instruction purporting to cover the whole case, and was erroneous. Kelly v. City, 170 Mo. App. 358; Enloe v. Am. Car. and Foundry Co., 240 Mo. 443.

*Hamlin & Hamlin* for respondent.

(1) Servant will not be precluded from recovery for injury in carrying out order of master involving danger, unless the danger be so absolute or imminent that danger must necessarily result from obedience to the order. Labatt on Master and Servant, sec. 439, p. 1241; Mahaney v. Railway Co., 108 Mo. 191. (2) If the servant acts in obedience to an order the doctrine of assumption of the risk does not apply. Labatt, chapter 56, section 1362; Morgan v. Railway Co., 136 Mo. App. 337.

FARRINGTON, J.—This is a suit for personal injuries, tried in the circuit court of Greene County wherein the plaintiff recovered judgment for $2000. The appellant appeals from such judgment, alleging that the trial court committed error in refusing to give defend-

ant's instruction in the nature of a demurrer to the evidence, and further assigning error in the giving of plaintiff's instructions.

The negligence charged in the petition is as follows:

"That on the morning of the day aforesaid, well knowing the conditions of the weather and the streets aforesaid, knowing that the same was slick and dangerous along Boonville Street, the defendant negligently ordered and directed the plaintiff to carry lumber from the building in which the machinery was kept along Boonville Street to the shed rooms adjoining Court Street, and at the time of directing plaintiff to do so the defendant assisted the plaintiff in putting said lumber on his shoulder, and plaintiff, after having received said order and having had the lumber placed on his shoulder as aforesaid, attempted to carry out defendant's instruction and while so doing and using ordinary care and caution, on account of the sleet and slick condition of the street, and by having said lumber on his shoulder he was unable to protect himself and by reason thereof plaintiff slipped and fell, and fractured his right shoulder. That the negligence of the defendant was as follows:

In not putting saw-dust or salt along the sidewalk on Boonville Street from where the lumber was handed him to the shed rooms. That if it had done so then the plaintiff could have walked over the ice with safety; and that the defendant was negligent in ordering the plaintiff to carry the lumber as aforesaid without first providing him a safe place to do so by putting saw-dust or salt along the street and on the ice as aforesaid.

That by reason of the negligence of the defendant aforesaid he has suffered great pain of body and mind from said time to the present."

The evidence in this case shows that the defendant is engaged in the lumber and manufacturing business, in the city of Springfield, Missouri, and occupies and uses in connection with its business the ground along Boonville Street from Pacific Street to Court Street; that

along the east side of defendant's place of business is a brick sidewalk. It further shows that the machinery department of the plant is toward the north end of the plant, and that the south end is used for sheds in storing and keeping lumber. That in January, 1920, the plaintiff was in the employ of the defendant as a common laborer, working under the defendant's foreman. That the day on which the injury occurred was cold, the night before it had rained and the ground was coated with a sheet of ice. The evidence shows that the machinery room has several windows along Boonville Street, the building coming up to the property line. That the plaintiff, when he came to the plant to work in the morning, knew that a heavy coat of ice was on the ground and so did the foreman of the defendant. Shortly after coming to work, defendant's foreman called to plaintiff and another employee by the name of Mayfield and ordered them to go out on Boonville Street, up near the north end of the building, and get some lumber and carry it to the sheds at the south end of the plant. The evidence shows that when this order was given Mayfield said, "It is going to be pretty slick," and that the foreman answered, "Yes; I know it, but by being careful I think we can make it all right." The lumber which was to be carried by the plaintiff and Mayfield was shoved out of a window by one of defendant's foremen. It consisted of oak plank something like one inch thick, six inches broad and some ten or twelve feet long. Several of these boards were placed together, and Mayfield started with the first load, having been assisted in getting it on his shoulder by Allen, another of defendant's foremen; then the plaintiff was assisted by Allen in getting his load up on his shoulder and started to the south end of the plant, which is fixed at a distance of between fifty and one hundred yards. When he had gone something like thirty feet, he slipped and fell and the oak plank came down on him, severly injuring his shoulder. As to the nature of his injury, without going into detail, we will state that

the doctors declared that it was in all probability a permanent injury, and would require at least a long time before the use of the arm would again become normal, or would require an operation.

There is no evidence here that if the defendant is liable for this injury the amount allowed is so excessive as to require a *remittitur,* or no showing that the verdict was the result of passion and prejudice. The evidence also shows that there was on hand at defendant's plant, of easy access, saw-dust which could have been sprinkled along the pathway or walk which the plaintiff was required to travel in performing this task. The evidence also shows that the task to which he was put was not a single isolated job but would require going back and forward a number of times. The grounds of negligence, as stated, were a failure to put saw-dust or salt along the sidewalk and ordering the plaintiff to carry the lumber alongsaid pathway, knowing that it was slick and icy.

The defendant filed a general denial, set up two special pleas, one being that the foreman told him not to put the boards on his shoulder but to carry them in his hands, and that the plaintiff disregarded this warning and direction, and in such disregard was guilty of contributory negligence. Second, that the slick and icy condition of the ground along Boonville Street and the danger of slipping and falling thereon was as apparent and plainly to be seen by the plaintiff as by defendant, and that when the plaintiff, knowing all the conditions and appreciating the danger, walked on the slick street, that he assumed the risk of danger of doing same.

On the first proposition that he was directed not to carry the lumber on his shoulder, that was a controverted question of fact and the jury has resolved that in favor of the plaintiff, he denying that he had been so ordered; and the testimony further shows that the boards carried by his fellow servant just ahead of him were carried on his shoulder, and placed there by defendant's foreman, and plaintiff testified that he himself was as-

sisted in getting the boards on his shoulder by defendant's foreman.

The serious question in this case is whether there is any negligence shown on defendant's part. The law is too well settled in this State now to need further exposition or citation of authorities that the servant does not assume the risks occasioned by the negligence of the master, and that if a servant is barred from recovery on account of working under condition made dangerous by negligence of the master with full knowledge of the servant of such condition, he will be barred only on account of his own contributory negligence, and then, as a matter of law, only in those cases where the danger attending the work is so glaringly dangerous that no ordinarily prudent man would undertake it. We realize that in former years there were cases in this State which have held that the servant would assume the risks of the master's negligence, but those cases, have long been disregarded by the Supreme Court and the Appellate Courts. We, therefore, cannot hold that reasonable minds would not differ on the question of whether the task which the plaintiff was performing was one that was so glaringly dangerous that no prudent man would have undertaken it. In the first place, he saw his fellow servant go ahead of him and do the same thing he was doing without receiving any injury, and, in the second place, after the foreman's attention had been called to the slick condition, he ordered him go ahead any way. As to whether plaintiff's act was one of negligence either in performing the work or in the manner in which he performed it, were questions of fact, and they were submitted to the jury in instructions given.

Proceeding now to the question of whether there is any evidence in the case upon which a jury would be authorized to find that the defendant was guilty of the act of negligence charged in the petition, that is to say, whether the plaintiff's injury was the result of a negligent act of the defendant, or whether it was the result of the

ordinary risks of the business in which he was engaged. It has been many times held that negligence is a relative term to be tested under the facts of each particular case. In this case, we find the defendant's foreman assigning to the plaintiff the packing of a heavy, unwieldy load for a distance, as some of the witnesses put it, of 100 yards, over a very slick walk, without taking any precaution to make the course over which he must travel back and forward for the planks any less dangerous than the weather conditions had made it, when at hand and in the plant there was a sufficient amount of saw-dust which could have quickly and easily, and with but little time and no expense, made the pathway over which the plaintiff must travel much more secure and less dangerous. We believe that reasonable minds could differ on measuring defendant's conduct under those conditions and surroundings to which it was subjecting the plaintiff.

We held in the case of Edwards v. Stave & Manfg. Co., 221 S. W. 744, 1. c. 747, "It is trite law that the master must use reasonable care to render the servant's place of work reasonably safe and this the master does not do when defects of machinery or appliances, materially increasing the danger of injury to the servant, are left which could readily be corrected or removed." While this is speaking of machinery or appliances, the same rule would apply to the place in which the servant is put to work or to the manner in which he is required to do the work. In that case it was held that it was a question for the jury to say whether the defendant was guilty of negligence in not giving a greater incline to one of its chutes.

In the case of Brown v. Railroad, 227 S. W. 1069, the St. Louis Court of Appeals held that it was a question for the jury to determine whether defendant's acts were negligent by leaving pieces of coal in the runway between the cab of the locomotive and the tender which the plaintiff in that case was required to pass over. His

injury resulted from slipping on a piece of coal that had been left.

A case somewhat similar to this is that of Tull v. Railroad, 216 S. W. 572, in which it was held that it was a jury question as to whether the master was guilty of negligence in ordering the servant to carry a tie up a steep and slippery embankment in obedience to the foreman's order, and that he did not assume the risk, as a matter of law.

In the case of Henderson v. Stove & Manfg. Co., 197 S. W. 177, the court said:

"Where the service required of a servant is of a peculiarly dangerous character; it is the master's duty to make reasonable provision to protect him from the dangers to which he is exposed while in the discharge of his duties. [See 26 Cyc. 1112.] That the work required of plaintiff at and about this vat containing a boiling corrosive substance, which if spilled and allowed to flow about the place made a slick and slimy coating wherever it went, was of a peculiarly dangerous character within the meaning of the rule stated above, or may be found by a jury to have been so, appears to be a logical deduction from all of the facts in evidence. It is certain that the boiling corrosive fluid in the vat was of such character as to instantly and seriously injure any portion of the human body which might be thrust into it; and, as the work was conducted, the danger that the servant might slip and fall therein, or precipitate some portion of his person therein, appears to have been very great. The direction to plaintiff to brace himself by putting his foot upon the rim when moving one of these baskets is said to have been given as a precaution lest he slip and fall "headfirst" into the vat. But can it be said, as a matter of law, that the master was under no duty to take any other precaution under the circumstances to obviate or minimize the danger present? That reasonable protection could have been provided against injuries of this character, by way of guard, footrest or otherwise,

by the exercise of ordinary care to that end, if at all, appears to be obvious.''

In the case of Whitworth v. Shurk, 197 Mo. App. 404, 196 S. W. 72, it is held that even though the foreman ordered the servant to go upon a ladder, the foot of which rested on a hardwood floor, and which slipped, injuring the servant, no precaution having been taken to cleat it or hold it at the bottom, was sufficient to take the question of negligence to the jury.

We, therefore, hold that where the servant is under the immediate observance and order of the master, who sees that he is putting the servant to a task which is dangerous, with an unwieldy load on his shoulder, and is required to walk across a slick and icy pathway, when the means were immediate and at hand whereby the slick and dangerous condition could have been made much less dangerous, and there was a failure to take the steps which would have rendered said pathway much less dangerous, raises an issue of fact on defendant's negligence to be passed upon by a jury. The case, therefore, being one in which the jury could find from substantial evidence that the defendant was negligent, and one in which the question of plaintiff's contributory negligence was one of fact to be determined by the jury, we hold that the action of the trial court in refusing to grant defendant's instruction in the nature of a demurrer to the evidence was proper.

The next and only other question raised by appellant is that plaintiff's principal instruction, which directed a verdict for the plaintiff, failed to contain the second special defense. The trouble with appellant's contention in this regard is that the second special defense, under the facts of this case, is not a defense which would, as a matter of law, defeat plaintiff's recovery. That defense was, as set up, that if the plaintiff knew and understood the conditions and the danger, and had the same opportunity of knowing them and understanding them as did the defendant, and he appreciated the danger and

the condition when he attempted to carry said boards along said street, then the plaintiff could not recover, because by such knowledge he had assumed the risk of danger connected with the work. To hold that that is a defense, as a matter of law, the rule in Missouri that a servant does not assume the risk occasioned by a master's negligence would be overturned.

Finding no error in the trial of this cause, the judgment is affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.